GOLDEN GATE HOTEL ASSOCIATION,
Plaintiff–Appellee,

v.

CITY AND COUNTY OF SAN
FRANCISCO and Brad Paul,
Defendants–Appellants.

GOLDEN GATE HOTEL ASSOCIATION,
Plaintiff–Appellee,

v.

CITY AND COUNTY OF SAN
FRANCISCO and Brad
Paul, Defendants,

and

Tenderloin Housing Clinic, Inc.,
Defendant–Appellant.

GOLDEN GATE HOTEL ASSOCIATION,
Plaintiff–Appellee,

v.

CITY AND COUNTY OF SAN
FRANCISCO and Brad
Paul, Defendants,

and

North of Market Planning Coalition,
Defendant–Appellant.

Nos. 93–16713, 93–16714, 93–16784.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 1994.

Decided March 18, 1994.

Andrew W. Schwartz and George K.H. Schell, Deputy City Attys., San Francisco, CA, for defendant-appellant.

Timothy J. Lee, Tenderloin Housing Clinic, San Francisco, CA, for defendant-appellant.

Douglas R. Young, Tamar Pachter, Farella, Braun & Martel, San Francisco, CA, for defendant-appellant.

Violet Elizabeth Grayson, Grayson & Topsfield, San Francisco, CA, for plaintiff-appellee.

John Blankenship, Montgomery, Purdue Blankenship & Austin, Seattle, WA; Paul D. Kamernar, Washington Legal Foundation, Washington, DC, for amicus.

R.S. Radford, Pacific Legal Foundation, Sacramento, CA, for amicus.

Andrew M. Zacks, San Francisco, CA, for amicus.

Paul F. Utrecht, Oakland, CA, for amicus.

Before: ALDISERT[*], WIGGINS, and BRUNETTI, Circuit Judges.

ALDISERT, Senior Circuit Judge:

The City and County of San Francisco, the Tenderloin Housing Clinic, Inc. and the North of Market Planning Coalition (collectively "Appellants") appeal the district court's declaration that the City's residential hotel conversion ordinance violates the Fifth Amendment's proscription against taking private property without just compensation. After granting partial summary judgment in favor of the Golden Gate Hotel Association, an organization of residential hotel owners

and operators, the court permanently enjoined the City from enforcing the regulation.

Before we may meet the merits of the constitutional law issues, we must decide whether the court abused its discretion in refusing to consider the statute of limitations issue presented to it by Appellants in the summary judgment proceedings.

■ The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1334. The action became appealable on September 9, 1993, when the district court granted partial judgment in favor of Golden Gate and ordered a permanent injunction against Appellants, effectuating a previous order entered June 21, 1993, 836 F.Supp. 707. An order granting a permanent injunction is a final order. *See Mayor & Aldermen of Vicksburg v. Henson*, 231 U.S. 259, 267, 34 S.Ct. 95, 98, 58 L.Ed. 209 (1913). Accordingly, we have jurisdiction under 28 U.S.C. § 1291. The appeal was timely filed under Rule 4(a) of the Federal Rules of Appellate Procedure.

I.

In 1979, the City and County of San Francisco enacted ordinances designed to combat the growing shortage of affordable residential housing. One such ordinance was the Residential Hotel Unit Conversion and Demolition Ordinance. San Francisco Admin. Code §§ 41.1–41.22. By its terms, owners of so-called residential hotels, hotels with guests who regularly stay in excess of 30 days, may discontinue long-term rentals and convert to "tourist hotels" only by providing relocation assistance to its residents and by replacing the residential hotel units being converted. Hotel owners may accomplish this by (1) constructing replacement units, (2) rehabilitating other residential hotel units, (3) constructing or rehabilitating transitional emergency housing or (4) contributing an "in lieu" fee to the City's preservation fund or a nonprofit housing group in the amount of 80 percent of the construction cost of the number of units converted, plus site acquisition costs. E.R., ex. 64, at 12; San Francisco

---

[*] Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

Admin. Code § 41.13. The Ordinance was reenacted in substantially the same form in January 1981 and again, in a slightly modified form, in May 1990.

Since the Ordinance was first enacted in 1979, local residential hotel owners have raised at least two Fifth Amendment challenges in California state courts. In both instances, the California Court of Appeal held that the Ordinance did not effect a taking of property without just compensation in violation of the Fifth Amendment. *See Terminal Plaza Corp. v. City & County of San Francisco,* 177 Cal.App.3d 892, 223 Cal. Rptr. 379 (1986); *Bullock v. City & County of San Francisco,* 221 Cal.App.3d 1072, 271 Cal.Rptr. 44 (1990).

In June 1991, local residential hotel owner Adam Sparks, who had been enjoined in state court from violating the Ordinance, filed a petition for writ of habeas corpus in the Northern District of California, seeking relief from the injunction and contempt citations previously issued against him. Brief for Appellants at 5–6. Although it denied the petition, the district court voiced its firm conviction that the Ordinance was unconstitutional and its hope that the Ordinance soon would be invalidated. *Id.* Shortly thereafter, Sparks' attorney filed the instant lawsuit on behalf of Golden Gate to declare the Ordinance unconstitutional. *Id.* Appellants timely filed separate answers, each of which raised the statute of limitations as an affirmative defense.

On November 20, 1991 Golden Gate filed a motion for summary judgment asking the court to declare the Ordinance unconstitutional on its face. The court set the motion hearing for April 23, 1992. On March 24, Appellants filed a cross-motion for summary judgment asserting that Golden Gate's claims were not ripe for federal review because it did not first seek relief in state court. The district court heard oral argument on both motions on April 23, 1992 and took them under submission.

On September 16, 1992, Appellants jointly filed a second motion for summary judgment, claiming that the applicable statute of limitations barred Golden Gate's claims. They had not asserted this defense in their first motion

and contend that they raised the issue in the subsequent summary judgment motion because the law in this judicial circuit had recently changed. Appellants state in their brief that they brought to the court's attention the vacating of our decision in *Azul Pacifico, Inc. v. City of Los Angeles,* 948 F.2d 575 (9th Cir.1991) (*Azul I* ) and its replacement by *Azul–Pacifico, Inc. v. City of Los Angeles,* 973 F.2d 704 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993) (*Azul II* ). On October 29, 1992, the district court took Appellants' second motion under submission without oral argument.

On June 21, 1993, eight months after taking the second motion under submission, the court declared the case ripe for adjudication and granted Golden Gate's motion to strike Appellants' second motion for summary judgment on the ground that to entertain the statute of limitations defense would not be "fair" because Golden Gate had submitted its motion on the merits on April 23, 1992. E.R., Ex. 64, at 8. The court then granted Golden Gate's motion for summary judgment and denied Appellants' cross-motion.

The court held that the Ordinance was unconstitutional on its face both as a physical occupation and as a regulatory taking. In the words of the district court, the Ordinance "illogically place[d] the blame for the social ill of homelessness on the shoulders of residential hotel owners; it singles out a few to bear the costs which should be borne by the many—a constitutionally impermissible governmental act." *Id.* at 23.

A recapitulation of the summary judgment timetable is important when considering the Appellants' timeliness in presenting the limitations issue:

November 20, 1991 Golden Gate moves for summary judgment. Court sets motion hearing for April 23, 1992.

March 14, 1992 Appellants file cross-motion for summary judgment.

April 23, 1992 Court hears oral argument on both motions and takes them under submission.

July 23, 1992 This court decides *Azul II,* holding that for causes of action brought

directly under the Takings Clause, the limitations period for Section 1983 actions applies.

September 16, 1992 Appellants file a second pretrial motion for summary judgment, raising the limitations issue addressed in *Azul II*.

October 29, 1992 Court takes Appellants' second motion under submission without oral argument.

June 21, 1993 Court decides summary judgment motions and grants Golden Gate's motion to strike Appellants' statute of limitations defense which had been presented eight months before it ruled on the motions.

■ We review a district court's decision to grant a motion to strike unscheduled supplementary material for abuse of discretion. *Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1314 (9th Cir.1982); *see also Carpenter v. Universal Star Shipping, S.A.*, 924 F.2d 1539, 1547 (9th Cir.1991), *cert. denied*, — U.S. —, 113 S.Ct. 413, 121 L.Ed.2d 337 (1992) (court's refusal to entertain untimely material in support of a motion for summary judgment reviewed for abuse of discretion). Discretion is abused when the judicial action is "arbitrary, fanciful or unreasonable" or "where no reasonable man [or woman] would take the view adopted by the trial court." *Delno v. Market St. Ry. Co.*, 124 F.2d 965, 967 (9th Cir.1942).

In granting Golden Gate's motion to strike, the district court stated:

It would be inappropriate for the court to consider further, unrequested briefing on a motion already briefed, argued, and submitted. In the same vein, then, it would be improper for the court, having taken one motion under submission, to consider a new motion that went to the merits of the submitted motion. At bottom here is a sense of fairness; a party should not be given a chance to rebrief one motion by filing a second motion. Defendants' second motion for summary judgment is nakedly an attempt to get another bite of the apple. This court only gives one bite.

E.R., Ex. 64, at 8. This was the extent of the court's discussion when it granted Golden Gate's motion to strike Appellants' second motion for summary judgment. It bears repetition that each Appellant raised the statute of limitations as an affirmative defense in separate answers to Golden Gate's complaint, placing all parties and the court on notice that the statute of limitations would be an issue.

## II.

■ We must now consider the district court's action in striking Appellants' second motion for summary judgment on the ground that they should have asserted the limitations issue in their original motion. To understand Appellants' response that the law of limitations relating to these proceedings was in a state of flux prior to our decision in *Azul II*, it is necessary to review how the law developed here and in the Supreme Court from the time the Ordinance was enacted and re-enacted.

Prior to April 1985, the limitations period for a civil rights action in California brought under 42 U.S.C. § 1983 was three years from the time the cause of action accrued. *See Smith v. Cremins*, 308 F.2d 187, 190 (9th Cir.1962). We noted in *Cremins* that because Section 1983 contains no provision limiting the time within which an action may be brought, the relevant state statute of limitations governed and that the applicable state limitations period in California was three years. *Id.* at 189. Subsequently, the Supreme Court decided *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), in which it held that Section 1983 claims are best characterized as personal injury actions and that the relevant limitations period is the state personal injury statute of limitations. Consequently, subsequent to 1985, the limitations period for Section 1983 actions in California was reduced from three years to one. *See De Anza Properties X, Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 1085 (9th Cir.1991). For cases arising at the time of or near the *Wilson* decision, we determined that the applicable statute of limitations for Section 1983 actions was "either three years from the time the cause of action arises or one year from *Wilson*, depending on which period expires first." *Usher v. City*

*of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). In *De Anza,* 936 F.2d at 1086–87, we held that the limitations period accrues when a party knows or has reason to know of the injury, and that when the injury was occasioned by the enactment of an ordinance, the injury takes place upon its enactment.

Golden Gate filed its complaint on September 30, 1991, when *De Anza* was the controlling law of this circuit. Tenderloin Housing Clinic filed its answer on October 18, 1991, Brad Paul on October 22, 1991, and the North of Market Planning Coalition on November 10, 1991. Appellants suggest that they were relying on *De Anza* when they filed their answers which raised the limitations defense: They assumed that Golden Gate's cause of action accrued upon enactment of the Ordinance and that the statute of limitations was one year.

However, on November 1, 1991, we muddied the waters with our decision in *Azul I,* 948 F.2d at 587, wherein we stated: "Although the Constitution gives [a litigant asserting a claim of unjust taking] a right of action, it does not provide a statute of limitations. In such situations, federal courts generally adopt the analogous state statute of limitations." Courts will not adopt the state limitations period, however, if to do so would contravene governing federal policy. *Id.* We further noted that the California limitations period for inverse condemnation proceedings was five years and that the limitations period for the most analogous federal statute, the Tucker Act, was six years. Although we declined to consider whether the state or federal limitations period should apply to takings cases brought directly under the Fifth Amendment, we stated that the statute of limitations in such actions was at least five, and possibly six, years. *Id.*

When Appellants filed their cross-motion for summary judgment in March 1992, our decision in *Azul I* governed the appropriate statute of limitations. Because Golden Gate did not invoke Section 1983 in its first cause of action but simply charged that the Ordinance "is facially violative of the Fifth Amendment to the United States Constitution," E.R., Ex. 1, at 5, Appellants argue that it was reasonable for them to believe that the cause of action was brought directly under the Constitution and that, based on our discussion in *Azul I,* the applicable statute of limitations was not the one year limitations period governing Section 1983 actions, but rather five or six years.

However, by the time Appellants filed their second summary judgment motion in September 1992, *Azul I* was no longer the law of this circuit. The holding in that case had been supplanted by *Azul II,* which established that all claims of unjust taking had to be brought pursuant to Section 1983 and, therefore, the one year statute of limitations applied. 973 F.2d at 705. Appellants argue here, as they did in the district court, that subsequent to our holding in *Azul II,* the statute of limitations again became a viable defense. Consequently, they filed a second summary judgment motion raising the limitations defense less than two months after *Azul I* was withdrawn and replaced by *Azul II.*

## III.

Because of the developing law in this circuit during the period of the summary judgment proceedings in the district court, we must look to the status of the law when Appellants filed their answers, when they filed their first motion for summary judgment, when the court heard oral argument of the cross-motions and when Appellants filed their second motion for summary judgment. This is important when considering the district court's action in striking Appellants' second motion on the ground that it was "nakedly an attempt to get another bite of the apple. This court gives only one bite." E.R., Ex. 64, at 8.

We agree with Appellants that when the complaint and the first summary judgment motions were filed and argument heard, the relevant law on limitations for unconstitutional takings was set forth in two potentially conflicting cases, *De Anza,* 936 F.2d at 1084, and *Azul I,* 948 F.2d at 574. However, the conflict was resolved on July 23, 1992 when the *Azul II* panel withdrew its opinion in *Azul I* and made clear that in takings cases: "Plaintiff has no cause of action directly un-

der the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." 973 F.2d at 705. *Azul II* further established that the limitations period for any takings claim in California was one year, not five or six, from the date the offending ordinance was enacted. *Id.*

Golden Gate did not file its complaint until September 1991, a decade after the Ordinance was originally enacted in 1979, and over one year after its most recent reenactment in May 1990. Given the churning of the law regarding the limitations period for takings claims in this circuit, we can not say that Appellants slept on their rights by not asserting a statute of limitations defense in their first motion for summary judgment. We conclude that it was not until our decision in *Azul II* that Appellants received arguable legal support to make such a contention in the summary judgment proceedings. To bring this to the court's attention on September 16, 1992 was not dilatory on their part, especially in light of the record that the court did not rule on the summary judgment motions until nine months later, on June 21, 1993. We conclude, therefore, that the district court erred in striking Appellants' September 1992 motion for summary judgment as being violative of a "sense of fairness." E.R., Ex. 64, at 8.

Having so concluded, we must now decide whether to go one step further and decide the limitations issue on the merits.

### IV.

At oral argument both parties urged us to decide whether Golden Gate's complaint should be dismissed as being time-barred, arguing that this court can decide the issue on the basis of the record before us. The district court did not consider the merits of the limitations argument. On the contrary, it granted Golden Gate's motion to strike Appellants' second motion for summary judgment which raised the limitations issue.

As a general rule, "a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff,* 428 U.S.

106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). This is not a hard and fast rule:

> The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases.... Certainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt, see *Turner v. City of Memphis,* 369 U.S. 350 [82 S.Ct. 805, 7 L.Ed.2d 762] (1962), or where "injustice might otherwise result." *Hormel v. Helvering,* 312 U.S. [552] at 557 [61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941)].

*Id.* at 121, 96 S.Ct. at 2877 (footnote omitted).

We choose not to exercise our discretion to consider the merits of the limitations defense in this case. Instead, we will apply the general rule and require the district court to decide this issue in the first instance. Although the parties at oral argument expressed a willingness for us to decide this issue, the fact that Golden Gate joined in this request was an indication that, at least in its mind, the "proper resolution is [not] beyond any doubt." Moreover, the issue was not briefed before us on the merits. Rather, it was raised solely in the context of whether this defense was timely presented in the summary judgment proceedings: Specifically, Appellants asked us to decide whether the district court properly struck their second motion for summary judgment which raised the issue. In view of our discussion on the applicable statute of limitations for Section 1983 actions brought in California, the result may be truly foreordained. However, in an abundance of caution, we leave that decision to the district court in the first instance.

The judgment of the district court is VACATED and the order striking Appellants' second motion for summary judgment is REVERSED and the proceedings REMANDED for consideration in the first instance of whether Golden Gate's complaint was time-barred.