81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bradley William GROCEMAN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Dean GROCEMAN, Defendant-Appellant.
 Nos. 95-30017, 95-30135 and 95-30245.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1996.
Decided March 28, 1996.
 
 1
 Before: WRIGHT, HALL, and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Brothers Jeffrey and Bradley Groceman appeal their convictions of armed bank robbery, 18 U.S.C. § 2113, and conspiracy to commit armed bank robbery, 18 U.S.C. § 371. We affirm.
 
 I.
 
 4
 The brothers Groceman first argue that their criminal sentences are barred by the Double Jeopardy clause. See United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994), cert. granted sub nom. United States v. Ursery, 116 S.Ct. 762 (U.S. Jan. 12, 1996) (Nos. 95-345, 95-346). Bradley Groceman waived this claim by failing to raise it below. Golden Gate Hotel Ass'n v. San Francisco, 18 F.3d 1482, 1487 (9th Cir.1994). Jeffrey Groceman's claim fails because he abandoned his claim to the property in question both in his plea agreement and by failing to respond to FBI letters informing him that he could contest forfeiture or seek a pardon of the property. United States v. Cretacci, 62 F.3d 307, 311-12 (9th Cir.1995), petition for cert. filed (U.S. Feb. 13, 1996) (No. 95-7955) ("[T]he forfeiture of abandoned property cannot be said to implicate the former owner's double jeopardy rights.").
 
 II.
 
 5
 The Grocemans next challenge the district court's decision to impose a four-point enhancement for "abduction" under U.S.S.G. § 2B3.2(4)(A). They argue that a person is "abducted" only when she is taken away from the scene of the robbery and that the two-point enhancement for "physical restraint" under § 2B3.2(4)(A) is more appropriate in this case, where the brothers forcibly transported a bank teller from her home to the scene of the robbery. We will not draw such an artificial and irrational distinction when the Guidelines clearly define "abduction" as "forc[ing] a victim to accompany an offender to a different location." U.S.S.G. § 1B1.1, App.Note 1(a).
 
 III.
 
 6
 The Grocemans further argue that their 120-month (Bradley) and 108-month (Jeffrey) sentences are improper because their codefendant Steven Miller received only a 97-month sentence. It is well-settled, however, that "a defendant cannot base a challenge to his sentence solely on the lesser sentence given by the district court to his codefendant." United States v. Carpenter, 914 F.2d 1131, 1136 (9th Cir.1990) (citations and quotation marks omitted).
 
 IV.
 
 7
 The Grocemans finally argue that the restitution award imposed against them and Miller should be reversed because the sentencing court did not properly consider their ability to pay. Before a restitution award may be imposed: (1) the sentencing court must consider the defendant's ability to pay, 18 U.S.C. § 3664(a); United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991), cert. denied, 503 U.S. 951 (1992); and (2) the "record must reflect some evidence [that] the defendant may be able to pay restitution in the amount ordered in the future." United States v. Ramilo, 986 F.2d 333, 336 (9th Cir.1993). We know in this case that the sentencing court considered the Grocemans' ability to pay, as it was aware of their financial status when it declined to impose fines. We also are able to conclude, although it is a much closer question, that the record contains "some" evidence that the Grocemans "may" be able to pay the restitution award.
 
 
 8
 The court held the Grocemans and Miller jointly and severally liable for restitution to West One Bank for the sum of $142,667. We believe that this amount has already been reduced significantly. The court's judgments provided that the proceeds of the bank robbery would be liquidated and credited against the amount of the restitution award. While the parties have not informed us of the exact amount that has been credited, we know that some of the more valuable assets to be liquidated included: (1) a 1989 Ford Taurus; (2) a 1988 Acura Legend; (3) a 1992-93 Kawasaki motorcycle; and (4) two laptop computers. Roughly $6,000 in cash and bank accounts held by the Grocemans has also been applied against the amount owed. We are not unmindful, however, that the Grocemans still owe a considerable amount.
 
 
 9
 The Grocemans claim that their present indigency bars any restitution award. This argument is unavailing, since a court may order a defendant who is indigent at sentencing to pay restitution so long as there is some evidence the defendant may be able to pay in the future. Ramilo, 986 F.2d at 335. We find such evidence in the record. While neither brother has a college education or has worked anything other than a low-paying job, we note that both brothers have worked honest jobs in the past and that Bradley Groceman has persuaded the sentencing court that he wishes to continue his college education while in prison. We therefore find that there is "some" evidence (albeit not overwhelming) that these two young and able-bodied men "may" be able to pay their just debt between now and the end of their supervised release. If, after diligent and good faith efforts, the Grocemans find themselves unable to discharge this debt in that time, then they may petition the district court for extension or remittitur. Smith, 944 F.2d at 624.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3