91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kyu Bum YOON, Defendant-Appellant.
 No. 95-16698.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Kyu Bum Yoon appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his guilty plea conviction for methamphetamine distribution in violation of 21 U.S.C. § 841. Yoon challenges the constitutionality of 21 U.S.C. § 841 and contends that his criminal conviction is prohibited by the Double Jeopardy Clause. We have jurisdiction under 28 U.S.C. §§ 1291, 2255, and affirm.
 
 A. Constitutionality of Statute
 
 3
 We review de novo challenges to the constitutionality of a federal criminal statute. United States v. Davis, 36 F.3d 1424, 1434 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995).
 
 
 4
 Yoon contends that Congress exceeded the scope of its authority under the Commerce Clause when it enacted 21 U.S.C. § 841(a)(1). Yoon relies on the United States Supreme Court's recent decision in United States v. Lopez, 115 S.Ct. 1624 (1995).
 
 
 5
 In Lopez, the United States Supreme Court struck down as unconstitutional 18 U.S.C. § 922(q), the Gun-Free School Zones Act of 1990. See id. at 1626. The Court held that Congress had exceeded its authority under the Commerce Clause when it enacted 18 U.S.C. § 922(q) because the statute neither regulated a commercial activity nor contained a requirement that the firearm possession be connected in any way to interstate commerce. See id.
 
 
 6
 Here, the Court's decision in Lopez does not require a reexamination of the constitutionality of 21 U.S.C. § 841(a)(1) under the Commerce Clause. Unlike the conduct prohibited by the statute in Lopez, Congress has found that intrastate drug manufacturing and distribution have an economic component and affect interstate commerce. See United States v. Visman, 919 F.2d 1390, 1392-93 (9th Cir.1990) (noting that Congress has specifically found that intrastate activities involving controlled substances affect interstate commerce), cert. denied, 502 U.S. 969 (1991). In light of this reasoning, Lopez does not affect Congress' power under the Commerce Clause to enact 21 U.S.C. § 841(a)(1). Cf. United States v. Oliver, 60 F.3d 547, 549-50 (9th Cir.1995) (distinguishing Lopez statute and upholding constitutionality of carjacking statute because Congress was not silent regarding effect of carjacking on interstate commerce).
 
 
 7
 Because Congress had the authority under the Commerce Clause to enact 21 U.S.C. § 841(a)(1), Yoon's challenge to the constitutionality of the statute fails. Compare Lopez, 115 S.Ct. at 1634, with Visman, 919 F.2d at 1392.
 
 B. Double Jeopardy
 
 8
 Yoon contends that his conviction violates the Double Jeopardy Clause because the government had previously forfeited $163,400 of his money in civil forfeiture proceedings.
 
 
 9
 Because Yoon failed to file a claim in the forfeiture proceeding, his double jeopardy rights were not implicated. See United States v. Cretacci, 62 F.3d 307, 310-11 (9th Cir.1995) (an administrative forfeiture of unclaimed property does not constitute punishment for purposes of the Double Jeopardy Clause), petition for cert. filed, (U.S. Feb. 13, 1996) (No. 95-7955). Yoon argues that Cretacci is inapplicable because, although the government complied with all of the notice requirements of 19 U.S.C. § 1607(a), it has offered no proof that he actually received notice of the forfeiture proceeding. Yoon did not raise the issue of inadequate notice in the district court. Because we will not consider issues raised for the first time on appeal, Golden Gate Hotel Ass'n v. San Francisco, 18 F.3d 1482, 1487 (9th Cir.1994), we will not consider it now.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3