131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Faye SCHWARTZ, Plaintiff-Appellant,
v.
NEW CASTLE CORPORATION, dba/The Excalibur Hotel & Casino, a
Nevada Corporation, Defendant-Appellee.
 No. 96-17178.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Nov. 4, 1997.
Decided Nov. 26, 1997.
 
 Appeal from the United States District Court for the District of Nevada Lloyd D. George, District Judge, Presiding.
 Before: CHOY, ALARCON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-Appellant Faye Schwartz ("Schwartz") appeal the district court's judgment, pursuant to a jury verdict, in favor of New Castle Corp. dba the Excalibur Hotel & Casino ("the Excalibur") in Schwartz's diversity action for negligence and strict liability. She sought damages for a serious hip fracture she suffered when she slipped and fell in the shower in her room at the Excalibur Hotel. Schwartz contends the district court erred in excluding relevant evidence and in granting partial summary judgment prior to trial on the issue of punitive damages.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 EXCLUDED EVIDENCE
 
 4
 The 80-year-old Schwartz argues the district court erred in excluding as evidence:
 
 
 5
 1) 28 out of 32 prior similar shower accident reports at the Excalibur;
 
 
 6
 2) the Excalibur's written policy warning employees cleaning slippery showers;
 
 
 7
 3) the deposition of the Excalibur's General Manager, Alven Hummel;
 
 
 8
 4) the Kimstock Shower brochure indicating that grab bars could be installed;
 
 
 9
 5) the testimony of Lisa Sherman, Esq.
 
 
 10
 Schwartz contends all excluded evidence was relevant to her negligence claim as proof of a hazardous condition and should have been admitted. Fed.R.Evid. 401. Schwartz further contends this excluded evidence goes to prove the Excalibur had notice that the showers in the guest rooms were unreasonably dangerous and that grab bars would have protected her from slipping and falling on the slippery shower floor. Finally, Schwartz maintains the district court abused its discretion and subsequently prejudiced her case by excluding this relevant evidence.
 
 
 11
 Evidentiary rulings are reviewed for an abuse of discretion and should not be reversed absent some prejudice. EEOC v. Pape Lift Inc., 115 F.3d 676, 680 (9th Cir.1997); Masson v. New Yorker Magazine, Inc., 85 F.2d 1394, 1399 (9th Cir.1996). To reverse, the appeals court must determine that more probably than not the error tainted the verdict. Kisor v. Johns-Manville Corp., 783 F.2d 1337, 1340 (9th Cir.1986). "Discretion is abused when the judicial action is 'arbitrary, fanciful or unreasonable' or 'where no reasonable man [or woman] would take the view adopted by the trial court.' " Golden Gate Hotel Ass'n v. San Francisco, 18 F.3d 1482, 1485 (9th Cir.1994) quoting Delno v. Market St. Ry. Co., 124 F.2d 965, 967 (9th Cir.1.942).
 
 I. Prior Accident Reports
 
 12
 Schwartz seeks to admit a total of 32 incident reports of prior slips and falls, 26 by guests and 6 by employees of the Excalibur, to prove both the dangerous condition of the shower and that the Excalibur had notice of this dangerous condition. Schwartz argues the exclusion of this evidence was prejudicial to her because it allowed defense counsel to assert to the jury that only four guest accidents occurred at the Excalibur. This further gave the jury a false indication that the showers were safe and left the jury unaware that others found the slippery texture and lack of grab bars problematic.
 
 
 13
 The district court admitted into evidence 4 of the incident reports. Taking Federal Rule of Evidence 403[1] into consideration, the court determined that accidents involving employees were not substantially similar and should be excluded because of the danger of confusion of the issues. The remaining reports were excluded as cumulative. The court concluded the 4 reports admitted were sufficient to show notice.
 
 
 14
 The admissibility of prior accident reports must be evaluated carefully due to their inflammatory nature and possible misinterpretation by the jury. To minimize the possibility of unfair prejudice to the defendant, a showing of "substantial similarity" is required. Cooper v. Firestone Tire & Rubber Co., 945 F.2d 1103, 1105 (9th Cir.1991). The similarity standard is relaxed when the prior incidents are admitted to prove notice rather than to show the existence of a dangerous condition. Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 889 (9th Cir.1991). See also Southern Pacific Co. v. Watkins, 83 Nev. 471, 486, 435 P.2d 498, 508 (1967). Schwartz maintains that any dissimilarities among the incidents should go to weight rather than admissibility of the evidence.
 
 
 15
 Regardless of whether Schwartz sought to introduce these reports to show notice or proof of the dangerous condition, or both, the district court rationally concluded that the accident reports excluded were not "substantially similar" to Schwartz's slip and fall, especially those accidents involving employees. Further, even where other guests were involved, given that the court allowed 4 of the reports, the sheer cumulativeness of admitting 28 additional reports risked unfairly prejudicing the Excalibur. The district court did not abuse its discretion.
 
 
 16
 We add one caveat, however. Counsel for the Excalibur should not have asserted in his closing argument that only 4 accidents involving guests occurred. The number of incident reports admitted did not equal the number of accidents which occurred or were reported at the hotel. Rule 403 is intended to protect the jury and the parties from unfair prejudice, confusion of the issues, or being misled. Counsel for the Excalibur should not have abused the protection Rule 403 affords. However, counsel for Schwartz did not object to the argument.
 
 
 17
 II. Excalibur's Written Policy Warning Employees of the Danger of Slip and Fall Accidents in the Showers
 
 
 18
 Schwartz sought to admit the Excalibur's written policy to Guest Room Attendants ("GRA's") that states: "When standing inside the shower or outside, you MUST stand on a rag to prevent slip and fall accidents." (emphasis in original). Schwartz argues it was prejudicial to exclude this evidence because it established the Excalibur's knowledge of the risk of slip and fall accidents in the showers in that the hotel requires its own employees to take extreme precautions to prevent such accidents.
 
 
 19
 The district court initially stated the policy was admissible as "germane to the questions here" because it was "at least collaterally relevant." However, the following day, the court reversed its decision and ruled the evidence inadmissible. The district court admitted there might be some relevance to the issue of notice, but after performing a Rule 403 balancing test, it determined confusion might result because the employees would be in the showers to perform their cleaning duties, not merely to shower. The court previously had excluded records of employee-related accidents in the showers because they were not substantially similar. The court excluded the hotel's policy on the same ground.
 
 
 20
 An employee scrubbing clean a shower is significantly different from the typical guest taking a shower. We find the district court did not abuse its discretion in excluding the GRA policy because the circumstances are not sufficiently similar and the risk of confusion for the jury outweighs any collateral relevance the policy may have.
 
 III. Hummel Deposition
 
 21
 Schwartz maintains that General Manager Alven Hummel's testimony was required to authenticate the Excalibur's GRA policy discussed above. Schwartz contends that Hummel's testimony demonstrates the Excalibur's callous attitude that slip and fall accidents are the fault of and due to improper conduct by the injured persons. Schwartz points to the incongruity of the Excalibur's requirement that its employees take extra precautions in the shower, while at the same time, apparently believing that slip and fall accidents involving guests are caused by the guests, not by the shower.
 
 
 22
 The district court excluded Hummel's deposition because it was unnecessary. The policy was excluded, therefore there was no need for Hummel to authenticate it. We find there was no abuse of discretion, and we uphold the district court's exclusion of Hummel's deposition.
 
 IV. Kimstock Shower Brochure
 
 23
 Schwartz sought to introduce the Kimstock Shower brochure. This brochure describes the type of shower installed in the guest rooms at the Excalibur The brochure states that "[u]nits feature an integral grab bar." There was no grab bar in the shower Schwartz used. Schwartz contends that a grab bar would have protected her from falling in the shower. Schwartz claims the brochure is important because it raises the question why Schwartz's shower at the Excalibur did not have a grab bar when the hotel was aware they could be installed. This is relevant to her claim that a grab bar would have made the shower safer, and the Excalibur was negligent not to have had grab bars installed in non-handicapped rooms.
 
 
 24
 The district court excluded the Kimstock Shower brochure because it is undisputed that showers in non-handicapped rooms did not have grab bars and Schwartz herself already had testified there were no grab bars. We find the court did not abuse its discretion. Even if the issue of additional safety precautions in the absence of industry or governmental standards is relevant, it was well within the court's discretion to exclude the evidence as cumulative.
 
 
 25
 V. Testimony of Lisa Sherman, Esq., one of Schwartz's attorneys
 
 
 26
 Schwartz sought to admit Sherman's testimony regarding the shower in question. Sherman viewed the shower once shortly after the accident and again after Schwartz's deposition. Sherman was prepared to testify that the two showers were different. This would have corroborated Schwartz's own testimony that the texture of the shower floor was markedly different on the two occasions she viewed it. Schwartz contends Sherman's testimony would have challenged the testimony of the Excalibur's expert who tested the coefficient of friction for the shower floor. Sherman's testimony would have contested whether the shower the expert tested was in fact the same shower in which Schwartz fell.
 
 
 27
 Shortly before trial, the Excalibur was notified that Sherman was prepared to testify to the above, and the Excalibur filed a motion to exclude this testimony because she had not been identified previously. The Excalibur's interrogatory requested Schwartz to "Identify ... all persons having knowledge of the facts relating to the incident which is the subject of this litigation." Schwartz maintains the "incident" was the event of the accident only, and she claims the interrogatory does not encompass witnesses to the possible replacement of the shower. Schwartz also states that the Excalibur was made aware through correspondence dated November 18, 1994, that she suspected the shower had been altered or replaced. Thus, Schwartz argues it was the Excalibur's responsibility to conduct discovery on that issue, and the Excalibur should not be able to claim surprise.
 
 
 28
 The district court found that despite its possible relevance to whether the shower was Ln the same condition when tested by the Excalibur's expert as when the accident occurred, failing to disclose Sherman's testimony violated discovery rules. "The condition of the shower stall, at the time of the incident and afterwards, is clearly related to the incident, and plaintiff was under an obligation to identify persons with knowledge pertaining to it ... [T]he possibility that defendant could have conducted further discovery on the allegation that the shower was altered' does not "relieve plaintiff of its discovery duties."
 
 
 29
 We affirm the district court's exclusion of Sherman's testimony. The district court has broad discretion "to exclude testimony of witnesses whose use at trial is in bad faith or would unfairly prejudice an opposing party." Campbell Industries v. M/V Gemini, 619 F.2d 24, 27 (9th Cir.1980). Furthermore, its exclusion did not prejudice Schwartz because there was other evidence such as the testimony of Professor Dean Jacobson and Gene Lawson that the shower floor was textured. The district court did not abuse its discretion.
 
 SUMMARY JUDGEMENT ON PUNITIVE DAMAGES CLAIM
 
 30
 Schwartz challenges the district court's grant of summary judgment in favor of the Excalibur on the issue of punitive damages. Schwartz asserts that the appropriateness of an award of punitive damages turns on the Excalibur's state of mind, i.e., whether it disregarded known safety procedures "consciously and deliberately," Granite Construction Co. v. Rhyne, 107 Nev. 651, 653, 817 P.2d 711 (1991), and she maintains that summary judgment generally is inappropriate for issues dependent upon state of mind and intent. Moreover, the evidence Schwartz seeks in this appeal to have introduced is relevant not only to her negligence claim but also to her punitive damages claim.
 
 
 31
 A grant of summary judgment is reviewed de nova. Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir.1997). Summary judgment is not proper if material factual issues exist for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995).
 
 
 32
 We affirm the district court's exclusion of the evidence discussed above; thus, the issue of punitive damages is moot because the jury returned a verdict for the Excalibur. We affirm the district court's grant of partial summary judgment on the issue of punitive damages prior to trial.
 
 CONCLUSION
 
 33
 The district court did not abuse its discretion, and we affirm the district court's exclusion of the evidence on all counts. We further affirm the district court's grant of summary judgment on the issue of punitive damages in favor of the Excalibur.
 
 
 34
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needlesspresentation of cumulative evidence." Fed.R.Evid. 403 (emphasis added)