**Leroy COLLINS, Plaintiff–Appellant,**

v.

**William T. CURRY, Defendant–Appellee.**

No. 01–15578.

D.C. No. CV–99–00669–ECR.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 21, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Leroy Collins, a Nevada state prisoner, appeals pro se the district court's dismissal of his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and, after de novo review, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order), we affirm.

The district court correctly dismissed Collins's access to the courts claim because he failed to allege that he suffered any actual injury from his allegedly limited access to the prison law library and legal assistants. *See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The district court also correctly dismissed Collins's Eighth Amendment claim premised upon alleged verbal

harassment by the prison law librarian because such harassment is not actionable pursuant to 42 U.S.C. § 1983. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir.1998).

We lack jurisdiction to review the district court's denial of Collins's motion for reconsideration. *See Thomas, Head & Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1460 n. 19 (9th Cir.1996).

The district court properly assessed a "strike" against Collins pursuant to 28 U.S.C. § 1915(g).

**AFFIRMED.**

**Gabriel A. MAALOUF, Plaintiff–Appellant,**

v.

**CLARK COUNTY BOARD OF COMMISSIONERS, Defendant–Appellee.**

No. 01–15609.

D.C. No. CV–00–01097–HDM.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Feb. 11, 2002.*

Decided Feb. 21, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Gabriel A. Maalouf appeals pro se the district court's judgment dismissing his action alleging that defendant substantially impaired access to his property without just compensation in violation of the Fifth and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Cabrera v. City of Huntington Park*, 159 F.3d 374, 378, 381 (9th Cir.1998) (per curiam), and we affirm.

Because Maalouf filed his complaint more than two years after his cause of action had accrued, the district court properly dismissed his complaint as time-barred. *See Golden Gate Hotel Ass'n v. City and County of San Francisco*, 18 F.3d 1482, 1486–87 (9th Cir.1994) (explaining that the limitations period for a section 1983 claim applies to takings claims brought pursuant to the Fifth Amendment); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.1989) (per curiam) (applying Ne-

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

vada's two-year statute of limitations to a section 1983 claim).

**AFFIRMED.**

Cedric COTTON, Plaintiff—Appellant,

v.

**Philip F. STANGER, Defendant—Appellee.**

No. 01–15650.

D.C. No. CV–00–01623–GEB(DAD).

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 21, 2002.

Before B. FLETCHER, T. NELSON and TALLMAN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.