**VENTURA GROUP VENTURES, INC., a California corporation, Plaintiff—Appellant,**

v.

**State of CALIFORNIA, Defendant— Appellee.**

No. 03–57004.

D.C. No. CV–02–08785–HLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2005.

Decided Sept. 16, 2005.

courts of this circuit except as provided by 9th Cir. R. 36–3.

John R. Johnson, Heily & Blase, Ventura, CA, for Plaintiff–Appellant.

Robert D. Wilson, AGCA—Office of the California Attorney General, Los Angeles, CA, for Defendant–Appellee.

Before FARRIS, D.W. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM *

Plaintiff Ventura Group Ventures, Inc. appeals from the grant of summary judgment to the State of California in this action alleging inadequate compensation for a taking. The district court dismissed on the ground that takings claims must be brought pursuant to 42 U.S.C. § 1983, but

* This disposition is not appropriate for publication and may not be cited to or by the courts

that the State may not be sued under that statute because it is not a "person" as defined therein. We affirm.

The action brought by VGV is foreclosed. As this Court has held in the context of a takings action, "[p]laintiff[s] ha[ve] no cause of action directly under the United States Constitution.... [A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul–Pacifico, Inc. v. City of Los Angeles,* 973 F.2d 704, 705 (9th Cir.1992); *see also Golden Gate Hotel Ass'n v. City and County of San Francisco,* 18 F.3d 1482, 1486 (9th Cir.1994) ("[A]ll claims of unjust taking ha[ve] to be brought pursuant to Section 1983 ....") (citing *Azul*). And states may not be sued under § 1983 because they are not "persons" within the meaning of the statute. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). We are bound to follow binding Supreme Court precedent and prior decisions of this circuit.

AFFIRMED.