MEMORANDUM **
Robert and Sandra Montgomery appeal from the district court’s partial summary judgment for Kingman Airport Authority, et al. (Kingman). The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. We agree with the reasoning of the district judge and affirm.
We will affirm the district court if the Montgomerys’ federal claims are barred by the statute of limitations. Because section 1983 contains no statute of limitations, we apply the statute of limitations applicable to personal injury claims in the state in which the claim accrued. Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996). The Montgomerys’ claims accrued in Arizona, which applies a two-year statute of limitations to personal injury actions. Ariz.Rev. Stat. § 12-542.
The limitations period “accrues when a party knows or has reason to know of the injury” which forms the basis of the cause of action. Golden Gate Hotel Ass’n v. City & County of San Francisco, 18 F.3d 1482, 1486 (9th Cir.1994). The district court did not clearly err in determining that Robert Montgomery knew, or had reason to know, of the injury forming the basis of the federal claims in 1993. The claims are therefore barred.
The Montgomerys assert that their federal claims arise from separate and distinct injuries caused by Kingman in 2005, and that their claims are therefore not barred by the statute of limitations. The Montgomerys’ theory of separate and distinct injury is asserted for the first time on appeal. The argument is therefore waived. Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992). Because the Montgomerys’ separate and distinct injury argument depends on a factual record that was not developed in the district court, we also decline the Mont-gomerys’ request for consideration of their argument as raising a pure issue of law. Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir.2006), citing Bolker v. C.I.R., 760 F.2d 1039, 1042 (9th Cir.1985).
The Montgomerys also assert that one or more disputes of fact exist regarding the policy that gave rise to their injuries, i.e., Kingman’s policy of restricting access to the airstrip of Kingman Airport where “through-the-fenee” aeronautical services are offered or provided to the public. The disputes of fact asserted by the Montgom-erys are not material.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.