**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FIDELITY NATIONAL FINANCIAL INC., | No. 08-16967 |
| Plaintiff - Appellee, | D.C. No. 2:03-cv-01222-RCB |
| FIDELITY EXPRESS NETWORK INC., | |
| Claimant - Appellee, | MEMORANDUM[*] |
| v. | |
| COLIN H. FRIEDMAN and HEDY KRAMER FRIEDMAN, individually and as trustee of the Friedman Family Trust UDT, dated July 23, 1987, | |
| Defendants - Appellants, | |
| and | |
| ANITA MESHKATAI, individually and as a trustee of the Anita Kramer Living Trust, dated July 23, 1987, | |
| Defendant. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, Senior District Judge, Presiding

Argued December 11, 2009
Resubmitted October 27, 2010
San Francisco, California

Before: B. FLETCHER, THOMAS and N.R. SMITH, Circuit Judges.

Colin and Hedy Freidman (collectively "Appellants") appeal the court's denial of their motion to quash the enforcement of a 2002 California fraud judgment. Although the California judgment was registered in Arizona, Appellants claim the judgment was not renewed pursuant to Arizona law within five years of its entry and had consequently expired by 2008. Fidelity argues the California judgment was renewed by certain collection activities in Arizona and by a related racketeering lawsuit in California. We certified these questions to the Arizona Supreme Court and now adopt their answers. *See Fidelity Nat'l Fin., Inc. v. Friedman,* No. CV-10-0096-CQ, slip op. at 14 (Ariz. filed August 19, 2010).

Arizona law provides that "an execution or other process shall not be issued upon a judgment . . . [unless] an action is brought on it within five years from the date of [its] entry . . . ." Ariz. Rev. Stat. Ann. § 12-1551(B); *see id.* § 12-1611 ("A judgment may be renewed by action thereon at any time within five years after the date of the judgment.").

2

Fidelity claims that, under Section 1-215, which defines "action" to include "any matter or proceeding in a court, civil or criminal," certain collection activities undertaken by Fidelity in Arizona constitute "actions on" the original judgment. *Id.* § 1-215. But these collection activities—filing for a writ of garnishment, applying for orders from the court to inspect a safety deposit box, and requiring a debtor's exam—"were attempts to collect upon the 2002 judgment, not to renew it." *Fidelity,* No. CV-10-0096-CQ at 14. To "renew" a judgment pursuant to § 12-1551(B) or § 12-1611, a party must bring a traditional "common law action *on* [the] judgment," not simply pursue an action to *enforce* the judgment. *See id.* at 8–9 ("The main purpose of an action on a judgment is to obtain a new judgment which will facilitate the ultimate goal of securing the satisfaction of the original cause of action. . . . [T]he amount sought is the outstanding liability on the original judgment." (internal citations omitted; emphasis added)).

Additionally, the California racketeering lawsuit "clearly was not a common law action on the judgment; it did not simply recite the amount owed and seek a judgment on that debt." *Fidelity*, No. CV-10-0096-CQ at 14. Instead, the suit sought remedies under federal and California law merely relating to the California judgment, which does not effect renewal. *Id.*; *see id.* at 10 ("These statutes . . .

[require] not simply an action in some way related to the earlier judgment, but rather a specific form of suit—the common law action *on* a judgment.").

Fidelity also questions (1) whether it successfully renewed the judgment by affidavit in 2008, and (2) whether its 2007 registration of the final California judgment also renewed the judgment. Because these issues were not considered by the district court and the parties did not provide comprehensive briefing to inform our review, we do not consider them on appeal. *See Golden Gate Hotel Ass'n v. San Francisco*, 18 F.3d 1482, 1487 (9th Cir. 1994) ("As a general rule, 'a federal appellate court does not consider an issue not passed upon below.'") (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)).

Since Fidelity did not file a common law action for renewal on the 2002 judgment within five years of its entry, the judgment expired by 2008. *See* § 12-1551(B) ("An execution or other process shall not be issued upon a judgment after the expiration of five years from the date of its entry unless the judgment is renewed . . . .").

We accordingly **REVERSE**.