**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

HOSSEIN ZEINALI,

             Plaintiff - Appellant,

   v.

RAYTHEON COMPANY,

             Defendant - Appellee.

No. 09-56283

D.C. No. 3:07-cv-01852-MMA

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted November 4, 2010
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and JONES, District
Judge.[**]

     As the facts and procedural history are familiar to the parties, we do not

recite them here except as necessary to explain our disposition. In a separate

opinion, we address two issues: (1) Raytheon's contention that we lack jurisdiction

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The Honorable Robert Clive Jones, United States District Judge for
the District of Nevada, sitting by designation.

over Zeinali's employment discrimination claims and (2) the merits of Zeinali's discrimination claim with respect to his termination from employment with Raytheon. We now address the parties' remaining contentions.

## I. Failure to Promote

The record does not support the district court's conclusion that Zeinali was not promoted because he lacked a security clearance. Rather, Raytheon contends that Zeinali was not promoted because he was not among the top quartile of his peer group. The record, examined in a light most favorable to Zeinali, shows that Zeinali was offered a promotion. Zeinali has accordingly raised a triable issue of fact to dispute Raytheon's contentions that (1) he was not qualified for a promotion and (2) Raytheon had a legitimate non-discriminatory reason for not promoting him. *See Guz v. Bechtel Nat'l Inc.,* 8 P.3d 1089, 1113–14 (Cal. 2000).

Because the district court did not address Raytheon's contention that Zeinali's failure-to-promote claim is time-barred, we refrain from addressing that issue here. *See Golden Gate Hotel Ass'n v. City & Cnty. of S.F.*, 18 F.3d 1482, 1487 (9th Cir. 1994) ("As a general rule, a federal appellate court does not consider an issue not passed upon below." (internal quotation marks omitted)).

## II. Discovery Order

Contrary to the magistrate judge's conclusions (which were adopted in relevant part by the district court), Zeinali has shown that his co-workers were similarly situated in all material respects for purposes of his failure-to-promote claim. Raytheon's promotion policies required employees to be in the top quartile of their pay grade cohort, and Zeinali claims that his quartile ranking was inaccurate. Although Zeinali did not share the same job titles and duties as the other E04-grade employees, they were his competition for promotions. Thus, they are similarly situated for purposes of the failure-to-promote claim.

In addition, there is no evidence in the record to support the magistrate judge's conclusion that Zeinali conceded that his failure-to-promote claim is time-barred.

Accordingly, we reverse and remand the orders of the district court and magistrate judge denying Zeinali's request to obtain the job performance records of his co-workers. *See* Fed. R. Civ. P. 72(a). We leave to the district court's discretion whether to require redaction of identifying information.

## III. California Labor Code § 1102.5

The parties agree that the district court analyzed Zeinali's California Labor Code § 1102.5 claim under subsection (b) rather than subsection (c) as is alleged in

-3-

the Complaint.  We vacate and remand this cause of action so that the district court may analyze it under the relevant subsection.

**IV.   Tortious Termination in Violation of Public Policy**

As pleaded in his Complaint, Zeinali's cause of action for wrongful termination in violation of public policy is premised on the same facts as his unlawful discrimination and Labor Code § 1102.5 claims.  *See Tameny v. Atl. Richfield Co.*, 610 P.2d 1330, 1336–37 (Cal. 1980) (recognizing cause of action for employee terminated after refusing to participate in illegal activity); *Phillips v. St. Mary Reg'l Med. Ctr.*, 116 Cal. Rptr. 2d 770, 779 (Ct. App. 2002) (recognizing cause of action for employee terminated on account of race).  Because we reverse and remand the district court's order with respect to the unlawful discrimination and Labor Code § 1102.5 causes of action, we do the same with respect to the tortious termination in violation of public policy cause of action.

**V.   Leave to Amend the Complaint**

The district court did not abuse its discretion by concluding that Zeinali's proposed amendment "would prejudice Defendant substantially," would "prevent the efficient resolution of [the] case," and contained causes of action that could have been alleged at the time of Zeinali's initial Complaint.  These reasons are valid grounds for denying leave to amend.  *See, e.g.*, *AmerisourceBergen Corp. v.*

*Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (holding that eight month delay before seeking amendment is unreasonable, particularly where plaintiff could have pleaded the new "theory in its original complaint"); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (holding that motion to amend was properly denied where it was filed at end of discovery).

## VI.    Summary

We **REVERSE AND REMAND** with respect to the discovery order and the failure-to-promote, California Labor Code § 1102.5, and tortious termination in violation of public policy causes of action.  We **AFFIRM** with respect to the denial of leave to amend the complaint.  Costs are awarded to Zeinali.