**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL J. COLLINS,

  Plaintiff - Appellant,

v.

STATE OF WASHINGTON; et al.,

  Defendants - Appellees.

No. 12-35244

D.C. No. 3:11-cv-05594-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Michael J. Collins appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging that the State of Washington

violated his due process rights in administering his workers' compensation claim.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Brown v. City*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*of Los Angeles*, 521 F.3d 1238, 1240 (9th Cir. 2008) (per curiam).  We may affirm on any ground supported by the record.  *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 994 (9th Cir. 2009).  We affirm.

The district properly granted summary judgment because Collins filed suit more than three years after his workers' compensation claim closed in August 2007.  *See* Wash. Rev. Code § 4.16.080(2) (three year statute of limitations for personal injury actions); *Knox v. Davis*, 260 F.3d 1009, 1012-13 (9th Cir. 2001) (for § 1983 claims, federal courts apply the forum state's personal injury statute of limitations and federal law for determining accrual).  The district court correctly determined that the continuing violations doctrine was inapplicable.  *See Knox*, 260 F.3d at 1013 ("[The] mere continuing impact from past violations is not actionable." (emphasis, citations, and internal quotation marks omitted)).

To the extent that Collins asserts separate claims based on the September 2010 decision denying his second request to reopen his workers' compensation claim, dismissal was proper because the individual who issued that order is not a party, the remaining defendants are immune from § 1983 liability in federal courts, *see McConnell v. Critchlow*, 661 F.2d 116, 117 & n.1 (9th Cir. 1981), and Collins failed to demonstrate that he filed a claim with the Office of Risk Management before commencing this action, as required by Wash. Rev. Code § 4.92.100(1)

2 <span>12-35244</span>

(presentment of torts).

The district court did not abuse its discretion in granting defendants' motion to strike Collins's untimely submissions. *See Golden Gate Hotel Ass'n v. City & County of San Francisco*, 18 F.3d 1482, 1485 (9th Cir. 1994) (providing standard of review and explaining that "[d]iscretion is abused when the judicial action is 'arbitrary, fanciful or unreasonable' or 'where no reasonable man [or woman] would take the view adopted by the trial court'" (citations omitted)).

The district court did not abuse its discretion in granting defendants' motion to stay discovery pending the outcome of the summary judgment motion. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (providing standard of review and explaining that the district court's discretion to deny discovery "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice" (citation and internal quotation marks omitted)).

Collins's contention concerning the district court's application of Fed. R. Civ. P. 56 is unpersuasive.

We deny defendants' request for judicial notice of Collins's records from his prior state court proceedings as unnecessary.

**AFFIRMED.**

12-35244