**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SOFIA JOHNSON,

          Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

          Defendant-Appellee.

No.   23-55210

D.C. No.
5:21-cv-01878-JGB-KK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted May 17, 2024
Pasadena, California

Before:  GOULD and N.R. SMITH, Circuit Judges, and HINDERAKER,[**] District Judge.

      Sofia Johnson appeals the district court's order dismissing her claims under the Federal Tort Claims Act (FTCA) as time barred. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable John Charles Hinderaker, United States District Judge for the District of Arizona, sitting by designation.

The FTCA's statute of limitations provides that "[a] tort claim against the United States shall be forever barred unless it is presented . . . to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). That two-year statute of limitations, however, is "nonjurisdictional and subject to equitable tolling." *United States v. Wong*, 575 U.S. 402, 420 (2015). "[G]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (en banc) (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012)).

Here, the district court appears to have determined that Johnson satisfied the two elements for equitable tolling, which "pauses the running of" the statute of limitations. *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). However, the district court's order does not clearly specify the time period subject to equitable tolling, inhibiting our ability to determine whether the district court erred in dismissing Johnson's claims as time barred. Moreover, the district court's order states that "equitable tolling does not apply" to Johnson's claims, contradicting its

2

apparent determination that Johnson met the two elements for equitable tolling. Because we cannot discern the district court's reasoning and conclusions with respect to whether and for what duration Johnson was entitled to equitable tolling, we remand so that the district court can clarify its decision.[1]

**VACATED and REMANDED.** Each party shall bear their own costs on appeal.

---

[1] We decline to reach the government's alternative argument that we should affirm based on the FTCA's discretionary function exception, because the district court never passed on that issue. *See Golden Gate Hotel Ass'n v. City & Cnty. of S.F.*, 18 F.3d 1482, 1487 (9th Cir. 1994) ("As a general rule, 'a federal appellate court does not consider an issue not passed upon below.'" (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976))).