**Frederick THOMPSON, Plaintiff–Appellant,**

v.

**ST. JOHNS UNIFIED SCHOOL DISTRICT, Defendant–Appellee.**

No. 00–16259.

D.C. No. CV–98–00608–HRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided Jan. 17, 2002.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before BRIGHT,** B. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM [1]

Frederick Thompson appeals (1) the district court's denial of his motion for leave to conduct additional discovery and his request to add witnesses, and (2) the district court's grant of summary judgment in favor of the defendant. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Because the parties are familiar with the facts, we recite here only those facts necessary to explain our decision.

I. *Thompson's Motion for Additional Discovery and to Add Witnesses*

The district court has broad discretion in supervising the pre-trial phase of litigation, and its decisions regarding the

---

** Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

preclusive effect of a pre-trial order will not be disturbed absent a clear abuse of discretion. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992) (citations and quotations omitted).

 Under Rule 16(b), Fed.R.Civ.P., Thompson was required to "show[ ] good cause" why he should be given leave to add additional witnesses and take additional depositions after the deadline, imposed by the district court's scheduling order. Thompson's belated request in October 1999 to depose two members of the defendant's interview committee was made more than four months after the deadline for fact discovery had passed, and more than a year after the defendant disclosed the identities of those witnesses. Similarly, Thompson's request to add two expert witnesses came only in response to the defendant's motion for summary judgment, and more than a year after the deadline had passed for the disclosure of expert witnesses. Because Thompson offered no explanation for his lack of diligence, we find no abuse of discretion by the district court in denying Thompson's requests.[2]

II. *Defendant's Motion for Summary Judgment*

We review *de novo* the district court's grant of summary judgment. *Edwards v. City of Coeur d'Alene,* 262 F.3d 856, 861 (9th Cir.2001).

A. Thompson's Title VII Claim of Religious Discrimination

 In order to succeed on his Title VII claim, 42 U.S.C. § 2000e–2, Thompson

must first establish a *prima facie* case of discrimination by showing (1) that he belongs to a protected class; (2) that he was qualified for the position; (3) that he was subject to adverse employment action; and (4) that similarly situated individuals outside his protected class were treated more favorably. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

 Thompson, a Catholic, was one of eight full-time employees to lose his position during a cost-cutting department restructuring by the defendant. This restructuring, in May 1997, replaced five custodial and three maintenance worker positions, including Thompson's, with a fleet of four full-time "maintenance/custodial" positions and a handful of evening part-time positions. After interviewing for one of the four new full time positions, Thompson was not selected. Thompson contends that his termination and the defendant's failure to rehire was based upon the fact that Thompson was Catholic, and not Mormon.

 Fatal to Thompson's case, however, is the fact that of the four new positions, at least three were given to Catholic applicants.[3] Though the district court erred in failing to consider employment actions taken by the defendant the following year as evidence of the defendant's alleged discriminatory practice, *to wit,* the hiring and promotion of two Mormons, those actions provide no support to Thompson because those persons were not "similarly situated" as required under Title VII.

---

**2.** *Pari ratione* the district court did not abuse its discretion in granting defendant's request to strike the affidavits of the individuals Thompson belatedly sought to list as expert witnesses. *Golden Gate Hotel Ass'n v. City and County of San Francisco,* 18 F.3d 1482, 1485 (9th Cir.1994) (applying abuse of discre-

tion standard to district court's grant of motion to strike).

**3.** The record is unclear whether the fourth hire was a Catholic or Protestant, but he was, in any event, not Mormon.

716

For these reasons, the district court did not err in granting summary judgment to the defendant on Thompson's Title VII claim.

## B. Thompson's ADEA Claim

■■■ As with his Title VII claim, in order to succeed on his Age Discrimination in Employment Act ("ADEA") claim, 29 U.S.C. § 621–34, Thompson must establish, in his *prima facie* case, (1) membership in a protected class; (2) that he was satisfactorily performing his job or was qualified for hire; (3) that he was terminated or rejected for employment; and (4) that he was replaced by a substantially younger person with equal or inferior qualifications. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir.1996). We treat the fourth element with some flexibility, such that failure to prove replacement by a younger person is not fatal *per se* where the discharge is a product of general workforce reduction, *Nidds*, 113 F.3d at 917 (citations omitted), so long as the plaintiff shows "through circumstantial, statistical, or direct evidence that the discharge occurred under circumstances giving rise to an inference of age discrimination." *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421.

■■■ Thompson cannot establish a *prima facie* case of discrimination under the ADEA. The four candidates selected in the 1997 hiring process were ages 25, 37, 45, and 60. An inference of discrimination cannot arise from these facts, where one replacement was older than Thompson and another insignificantly younger. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) (holding that "an inference [that a decision was based on age discrimination] cannot be drawn from the replacement of one worker with another worker insignificantly younger."). The district court did not err in holding that Thompson failed to establish his *prima facie* case by not satisfying the fourth element, since he was neither replaced by a person substantially younger, nor able to establish circumstances giving rise to an inference of discrimination.

The district court did not err in granting summary judgment to the defendant on Thompson's ADEA claim.

## C. Thompson's ADA Claim

■■■ Under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101–213, Thompson must show (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified with or without reasonable accommodation to perform the essential functions of the job he holds or seeks; and (3) that he suffered an adverse employment action because of his disability. *Braunling v. Countrywide Home Loans, Inc.*, 220 F.3d 1154, 1156–57 (9th Cir.2000) (citing, *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)).

The ADA defines disability, with respect to an individual, as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102. This definition "requires that disabilities be evaluated 'with respect to an individual' and be determined based on whether an impairment substantially limits the 'major life activities of such individual'." *Sutton v. United Air Lines*, 527 U.S. 471, 483, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (citing 42 U.S.C. § 12102(2)); *Toyota Motor Manufacturing v. Williams*, —— U.S. ——, 122 S.Ct. 681, 690, —— L.Ed.3d —— (2002) ("[m]erely having an impairment does not make one disabled for purposes of the ADA.").

■ Thompson claims that he is disabled with respect to three specific conditions, namely, bladder cancer, a foot injury, and a problem with glaucoma. During his deposition testimony, Thompson stated that none of these conditions "affect me in my day-to-day activities," but that he "ha[s] a limp and it causes me to walk a little bit funny on my foot off to the side." Later, in opposition to defendant's motion for summary judgment, Thompson submitted an affidavit stating "[w]hile my bladder cancer, crushed foot, glaucoma, and hernia condition in 1997 did not prevent me from satisfactorily performing my duties as a maintenance man for the St. John's School District, they certainly did affect me in terms of weakness, stamina and my ability to walk in normal fashion."

While the district court erred in disregarding Thompson's subsequent affidavit on the ground that it constituted an unacceptable contradiction of his own deposition, thus concluding that Thompson was not disabled under the ADA, we hold that Thompson failed to put forth any evidence upon which a reasonable jury could find that any such disability "substantially limited" a major life activity. *Albertson's, Inc. v. Kirkingburg,* 527 U.S. 555, 565, 119 S.Ct. 2162, 144 L.Ed.2d 518 (1999) (holding that ADA "concerns itself only with limitations that are in fact substantial"); *Thornton v. McClatchy Newspapers, Inc.,* 261 F.3d 789, 797 (9th Cir.2001) ("[a] 'substantial limitation' is not a mere difference in an ability to perform a particular act.") (*citing Albertson's,* 527 U.S. at 565, 119 S.Ct. 2162). Additionally, plaintiff offers nothing to suggest that he suffered an adverse employment action on the basis of any disability, real or perceived.

In the absence of any evidence to suggest that the defendant violated the ADA, we must affirm the district court's grant of summary judgment in favor of defendant.

AFFIRMED