**AZUL–PACIFICO, INC.,**
Plaintiff–Appellee,

v.

**CITY OF LOS ANGELES,**
Defendant–Appellant.

**AZUL–PACIFICO, INC.,**
Plaintiff–Appellant,

v.

**CITY OF LOS ANGELES,**
Defendant–Appellee.

Nos. 90–55853, 90–56066.

United States Court of Appeals,
Ninth Circuit.

July 23, 1992.

Before POOLE, KOZINSKI and LEAVY, Circuit Judges.

### ORDER

The panel has voted unanimously to grant the petition for rehearing. Accordingly, the petition for rehearing is GRANTED and the opinion filed November 1, 1991 and reported at 948 F.2d 575 is WITHDRAWN.

■ Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983. *See, e.g., Bretz v. Kelman,* 722 F.2d 503 (9th Cir.1983), *vacated on other grounds,* 773 F.2d 1026 (1985) (en banc); *Ward v. Caulk,* 650 F.2d 1144 (9th Cir.1981). *Cf. Molina v. Richardson,* 578 F.2d 846 (9th Cir.), *cert. denied,* 439 U.S. 1048, 99 S.Ct. 724, 58 L.Ed.2d 707 (1978). *See also, e.g., Thomas v. Shipka,* 818 F.2d 496 (6th Cir. 1987); *Hunt v. Robeson County Dept. of Social Serv.,* 816 F.2d 150 (4th Cir.1987); *Morris v. Metropolitan Area Transit Auth.,* 702 F.2d 1037 (D.C.Cir.1983); *Beineman v. City of Chicago,* 662 F.Supp. 1297 (N.D.Ill.1987), *appeal dismissed,* 838 F.2d 962 (7th Cir.1988). Section 1983 was available to Azul, but plaintiff failed to file its complaint within the applicable limitations period.

■ Even were we to allow Azul to pursue such a "direct" Constitutional claim it would also be barred by the statute of limitations. The cause of action accrued when the ordinance at issue here was enacted. *De Anza Properties X, Ltd. v. Santa Cruz County,* 936 F.2d 1084, 1085 (9th Cir.1991). Azul should have filed its complaint within three years of the May 1982 date of enactment or within one year of the Supreme Court's decision in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). *See Usher v. Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). The limitations period under those alternatives expired in May 1985.[1] Azul did not file its complaint until April 1987.

Accordingly, the judgment of the district court is VACATED and this appeal is DISMISSED because the federal courts do not have subject matter jurisdiction over Azul's complaint.

KOZINSKI, Circuit Judge, concurring and dissenting.

I agree that the petition for rehearing must be granted in light of *Yee v. City of Escondido,* — U.S. —, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992), and *Lucas v. South Carolina Coastal Council,* — U.S. —, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992). But I cannot agree with the majority's conclusion that Azul's cause of action is necessarily extinguished by *De Anza Properties X., Ltd. v. County of Santa Cruz,* 936 F.2d 1084 (9th Cir.1991). *Yee* not only overruled *Hall v. City of Santa Barbara,* 833 F.2d 1270 (9th Cir.1986), *cert. denied,* 485 U.S. 940, 108 S.Ct. 1120, 99 L.Ed.2d 281 (1988), upon which our opinion in this case was based; it implicitly overruled *De Anza,* which was premised upon the physical taking theory of *Hall. See De Anza,* 936 F.2d at 1086–87. *De Anza* is simply no longer good law for determining when a cause of action accrues for a takings claim. Thus, I would remand to the district court for determination of the statute of limitations issue in light of the intervening *Yee* and *Lucas* decisions, and the resultant obsoleteness of *De Anza.*

---

1. *Wilson* was decided in April 1985.