76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SUTTER LAND & DEVELOPMENT COMPANY, INC., a California
Corporation, Plaintiff-Appellant,
v.
CITY OF BERKELEY, Defendant-Appellee.
 No. 94-16273.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1995.
Decided Dec. 11, 1995.
 
 1
 Before: SCHROEDER and ALARCON, Circuit Judges, and PANNER,* District Court Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff-Appellant Sutter Land & Development Company ("Sutter") owns a hotel in Berkeley and filed this action seeking damages for alleged long term interferences by the City of Berkeley ("Berkeley") with Sutter's ability to maximize the hotel's property value and profit margin. Sutter now appeals from the district court's dismissal with prejudice for failure to state a claim on which relief could be granted. See F.Rule Civ.P. 12(b)(6).
 
 
 4
 In Sutter's first amended complaint, Sutter alleged two causes of action under 42 U.S.C. § 1983. The first, to the extent that it alleges a violation of federal law, appears to set forth a claim for regulatory taking. It alleges that the cumulative effect of Berkeley's hostile acts toward the hotel, including, inter alia, imposition of restrictions and unreasonable costs to withholding police service, and interfering with Sutter's negotiations to sell the hotel, amounted to a taking without just compensation. The district court properly held that this cause of action was not ripe because plaintiff had failed to satisfy the prerequisites for filing such a claim, as delineated in Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 194-97 (1985). Moreover, the plaintiff's allegations do not set forth a claim that regulatory conduct deprived Sutter of all economically viable uses of the property, as required under applicable authority. See Penn Central Transportation Co. v. City of New York, 98 S.Ct. 2646 (1978); William C. Haas & Co., Inc. v. City and County of San Francisco, 605 F.2d 1118, 1120 (9th Cir.1979), cert. denied, 445 U.S. 1928 (1980). The district court therefore correctly decided the complaint failed to state a viable claim.
 
 
 5
 Sutter's second cause of action arises out of the so-called People's Park incident, which occurred in 1991. It appears to be a claim for a temporary physical taking. All of the injuries of which Sutter complains arose from episodes that occurred more than one year before the filing of Sutter's complaint. The district court therefore properly held that the claim was barred by the statute of limitations. See Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir.1992) (holding that § 1983 claims arising in California under 42 U.S.C. § 1983 must be brought within one year of the alleged civil rights violation).
 
 
 6
 AFFIRMED.
 
 
 
 *
 Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3