76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GOLDEN GATE HOTEL ASSOCIATION, Plaintiff-Appellant,
v.
CITY AND COUNTY OF SAN FRANCISCO; Tenderloin Housing
Clinic, Inc., Randall M. Shaw; Bradford Paul;
North of Market Planning Coalition,
Defendants-Appellees.
 No. 94-16445.
 United States Court of Appeals, Ninth Circuit.
 Argued Submission Deferred Nov. 14, 1995.
Resubmitted Nov. 27, 1995.
Decided Jan. 23, 1996.
 
 1
 Before: SCHROEDER and ALARCON, Circuit Judges, and PANNER,* District Court Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff-Appellant Golden Gate Hotel Association ("GGHA") appeals the district court's dismissal, on statute of limitations grounds, of its 42 U.S.C. § 1983 facial challenge to the constitutionality of San Francisco's Residential Hotel Unit Conversion and Demolition Ordinance ("Ordinance"). San Francisco Admin.Code §§ 41.1-41.22. This is the second time the case has been before this court. In the earlier appeal, we reversed the injunction that the district court granted upon holding the Ordinance unconstitutional, and remanded for a determination of whether GGHA's claim was time barred. Golden Gate Hotel Association v. San Francisco, 18 F.3d 1482 (9th Cir.1994).
 
 
 4
 In our earlier opinion, we noted that under this circuit's law, the limitations period for a § 1983 takings claim that originates in California is one year. Id. at 1486 citing Azul-Pacific, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir.1992), cert. denied, 113 S.Ct. 1049. The limitations period, however, will ordinarily not begin to run until the claimant has sought and been denied just compensation in state court. Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194-95 (1985). But, if action in state court would be futile, the statute of limitations begins to run from the date the offending ordinance is enacted. Levald, Inc. v. City of Desert Palm, 998 F.2d 680, 687 (9th Cir.1983).
 
 
 5
 Our earlier opinion also noted that Golden Gate did not file its complaint until September, 1991, a decade after the Ordinance was originally enacted in 1979. 18 F.3d at 1487. Because California provided no method for gaining monetary compensation for alleged regulatory takings prior to the Supreme Court's 1987 decision in First English Evangelical Lutheran Church of Glendale v. Los Angeles County, 482 U.S. 304 (1987), GGHA had no state law remedies to exhaust in 1979. GGHA's challenge to the 1979 ordinance was ripe as of the time of enactment. Its challenge to that ordinance is thus, under the law of our circuit, barred by the one-year statute of limitations.
 
 
 6
 While the plaintiff attempts to assert that its § 1983 claim cannot be time barred because it is one for injunctive relief rather than damages, we have held that the statute of limitations for all § 1983 claims originating in California, including claims for equitable relief, is one year. See Levald, 998 F.2d 680, 688 (9th Cir.1993). Thus, recasting a complaint to seek declaratory or injunctive relief will not circumvent the statute of limitations. Id.
 
 
 7
 Finally, in 1990, San Francisco repealed the 1979 Ordinance and reenacted it in a modified form. Although a sufficient modification might give GGHA a new cause of action, GGHA does not argue on appeal that the 1990 reenactment effected a taking in a manner distinguishable from the 1979 version. See DeAnza Properties, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir.1991) (renacted statute did not reset statute of limitations where "[a]ppellants were experiencing substantially the same injury" under both versions). Thus, the issue is not properly before this court. Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988).
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3