**UNIVERSAL OUTDOOR, INC., Plaintiff,**

v.

**ELK GROVE VILLAGE, Defendant.**

No. 97 C 2784.

United States District Court,
N.D. Illinois,
Eastern Division.

July 1, 1997.

Robert C. Kenny, Jerome Wiener, Patrick Thomas Brankin, Schain, Firsel & Burney, Ltd., Chicago, IL, for Universal Outdoor, Inc.

George B. Knickerbocker, Samelson, Knickerbocker, & Payne, Des Plaines, IL, Ronald G. Zamarin, Des Plaines, IL, for Elk Grove Village.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Elk Grove Village ("Elk Grove") has filed a Fed.R.Civ.P. ("Rule") 16 motion to narrow the issues, in this action brought against it by Universal Outdoor, Inc. ("Universal"), by dismissing certain claims as barred by principles of claim preclusion. This Court has briefly reviewed the parties' initial opposing submissions on that score,[1] but that preliminary review has posed an obvious question as to the timeliness of this action to begin with.

Universal's claimed ticket of entry to this federal court is 42 U.S.C. § 1983 ("Section 1983")—although Complaint ¶ 3 also refers to provisions of the United States Constitution, no such direct action under the Constitution itself (as contrasted with a Section 1983 lawsuit) exists against state actors in a manner comparable to that provided against federal governmental officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (see, e.g., *Azul–Pacifico, Inc. v. City of Los Angeles,* 973 F.2d 704, 705 (9th Cir.1992); *Ellis v. Secretary of State of Ill.,* 883 F.Supp. 291, 293 (N.D.Ill.1995); and authorities cited in both those decisions). To the extent that Universal also asserts any state law claims, those must necessarily piggyback onto the Section 1983 claims under 28 U.S.C. § 1367(a).

But in terms of Section 1983 as the sole source of free-standing federal jurisdiction, Universal's complaints are that its constitutional rights are violated by both (1) Elk Grove's 1985 enactment of its Ordinance 1701, which granted a 12–year variance to permit Universal to maintain its advertising sign on property then annexed to Elk Grove, and (2) Elk Grove's pre-existing Sign Code from which that variance was granted. Each of those things, however, was already known to Universal at the time of the 1985 enact-

ment: Back then Universal knew both that its right to maintain the sign was limited in time and that—at least according to its lights—any attempted limitation imposed on its usage at all was assertedly unconstitutional.

With that being so, this action would appear to come squarely within the scope of *Delaware State College v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980), under which the two-year limitations period for Illinois-based Section 1983 actions began to run when the "delayed, but inevitable, consequence" (*id.* at 257–58, 101 S.Ct. at 504) of the time-limited variance was first known to Universal—at the very outset of the grant of that variance in 1985. Under *Ricks, id.* at 258, 101 S.Ct. at 504 (adapted to the facts of this case):

> That is so even though one of the *effects* of the [granting of the variance]—the eventual loss of [the right to maintain Universal's sign]—did not occur until later.

Accordingly the parties are ordered to include in their respective further memoranda, due July 9, 1997 (see n. 1), statements as to their respective views regarding whether or not the federal-question claims advanced in this lawsuit are subject to dismissal on limitations grounds. If this Court then considers that any further submissions are necessary, it will so advise counsel.

---

1. Their cross-responses are due July 9, 1997.