## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Oct 28 2015, 5:48 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEES |
|---|---|
| Raymond McNeil Love<br>Pendleton, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Frances Barrow<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Raymond McNeil Love,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Mike Herron, Daryl Kent, Jerry Jones, and Pen Products Correctional Industries,<br>*Appellees-Defendants,* | October 28, 2015<br><br>Court of Appeals Case No. 48A04-1502-PL-69<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Thomas Newman Jr., Judge<br><br>Trial Court Cause No. 48C03-1410-PL-137 |

**Robb, Judge.**

# Case Summary and Issues

[1] Raymond McNeil Love, *pro se*, appeals the trial court's grant of a motion to dismiss his complaint for failure to state a claim. Love raises the following restated issues: 1) whether the trial court erred when it dismissed his complaint for failure to state a claim; 2) whether the trial court abused its discretion by failing to convert defendants' motion to dismiss to a motion for summary judgment; 3) whether the trial court abused its discretion by granting the motion to dismiss without giving him an opportunity to respond; and 4) whether the trial court abused its discretion by denying him the opportunity to amend the complaint. Concluding the trial court did not err by dismissing Love's complaint for failure to state a claim and did not abuse its discretion in any regard, we affirm the trial court's judgment in favor of PEN Products, PEN Director Mike Herron, and PEN Supervisors Daryl Kent and Jerry Jones.

# Facts and Procedural History

[2] Love is an inmate at the Pendleton Correctional Facility. On November 1, 2012, Love was working at the PEN Products Furniture Factory when he suffered a laceration on his right hand requiring six stiches. PEN, an acronym for "Prison Enterprises Network," is a division of the Indiana Department of Correction that "manufacture[s] goods and provide[s] services using offender labor." PEN Career Focused Reentry, http://www.in.gov/idoc/penproducts/ (last visited Oct. 15, 2015); *see also* Ind. Code § 11-10-6-2 (mandating the establishment and operation of "industry and farm programs for offenders").

[3] Love contends this incident caused "irreparable damages and harm to his right hand." Appellant's Appendix at 12. He filed a Notice of Tort Claim against PEN Products on April 29, 2013, which the Office of the Attorney General denied on September 26, 2013.[1] On October 28, 2014, Love filed a *pro se* complaint against PEN Products, Herron, Kent, and Jones. The complaint stated Love was suing defendants Herron, Kent, and Jones in their official and individual capacities and alleged violations of Love's rights under the Eighth and Fourteenth Amendments of the United States Constitution and under Article 1, Sections 12, 15, and 16 of the Indiana Constitution. The complaint sought "punitive, compensatory damages and injunctive and declaratory relief as well as plaintiff's cost." *Id.* at 8.

[4] On January 20, 2015, defendants Herron, Kent, and Jones filed a motion to dismiss for failure to state a claim under Indiana Trial Rule 12(B)(6), arguing "[t]here is no private right of action under either the United States or Indiana constitutions." *Id.* at 64.[2] The trial court granted the motion to dismiss on January 27, 2015. On February 19, 2015, Love filed a notice of appeal as well as a motion for relief from judgment. He filed an amended complaint with the

---

[1] The Indiana Tort Claims Act ("ITCA"), Ind. Code § 34-13-3 *et seq.*, governs tort claims against governmental entities and public employees. *Brown v. Alexander*, 876 N.E.2d 376, 380 (Ind. Ct. App. 2007), *trans. denied.* The ITCA limits the State's liability by barring a potential plaintiff's suit unless he or she complies with certain notice requirements. *Id.*; *see* Ind. Code § 34-13-3-8. In addition, "A person may not initiate a suit against a governmental entity unless the person's claim has been denied in whole or in part." Ind. Code § 34-13-3-13.

[2] Although Love asserted only direct constitutional claims, the motion to dismiss further argued the defendants could not be held liable under 42 U.S.C. § 1983 ("Section 1983") and would be entitled to immunity under the ITCA for any state tort claims.

trial court a week later. The trial court initially scheduled a hearing on the motion for relief from judgment, but vacated the hearing once the Notice of Completion of Clerk's Record was filed.[3]

# Discussion and Decision

## I. Failure to State a Claim

Love appeals the trial court's grant of defendants' motion to dismiss for failure to state a claim.

> We review de novo the trial court's grant or denial of a motion based on Indiana Trial Rule 12(B)(6). Such a motion tests the legal sufficiency of a claim, not the facts supporting it. Viewing the complaint in the light most favorable to the non-moving party, we must determine whether the complaint states any facts on which the trial court could have granted relief.

*Caesars Riverboat Casino, LLC v. Kephart*, 934 N.E.2d 1120, 1122 (Ind. 2010) (citations omitted).

The complaint sought compensatory and punitive damages[4] for violations of Love's rights under the Eighth and Fourteenth Amendments of the United

---

[3] "The Court on Appeal acquires jurisdiction on the date the Notice of Completion of Clerk's Record is noted in the Chronological Case Summary." Ind. Appellate Rule 8.

[4] The complaint also sought declaratory and injunctive relief. Love contends his constitutional claims "were not part of the request for monetary damages." Brief of Appellant at 3. But he makes no further argument regarding his request for declaratory or injunctive relief and cites no authority establishing the trial court could have granted such relief. The issue is therefore waived. *See* Ind. Appellate Rule 46(A)(8)(a) (requiring each contention be supported by cogent reasoning and citations); *Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind.

States Constitution and under Article 1, Sections 12, 15, and 16 of the Indiana Constitution. Appellant's App. at 13.[5] As we have previously held "there is no express or implied right of action for monetary damages under the Indiana Constitution," the trial court did not err in dismissing Love's claims under the Indiana Constitution for failure to state a claim. *Smith v. Ind. Dep't of Corr.*, 871 N.E.2d 975, 986 (Ind. Ct. App. 2007), *trans. denied*, *cert. denied*, 552 U.S. 1247 (2008).

[7] Likewise, a plaintiff alleging a violation of the Fourteenth Amendment must bring suit under Section 1983; no direct cause of action exists. *Benedetto v. Ind. Univ.*, 707 N.E.2d 1062, 1063 (Ind. Ct. App. 1999); *see also Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (collecting cases), *cert. denied*, 506 U.S. 1081 (1993). Accordingly, the trial court did not err by dismissing Love's claim asserting a direct cause of action under the Fourteenth Amendment.

---

2015) ("A litigant who fails to support his arguments with appropriate citations to legal authority and record evidence waives those arguments for our review.").

[5] After filing a notice of appeal, Love filed an amended complaint "in order to clarify his relief under the Indiana Tort Claims Act." Br. of Appellant at 1. On appeal, Love contends his "claims were a cause of action under the Indiana Tort Claims Act . . . and not the United States, or Indiana Constitution." Reply Brief of Appellant at 2. We disagree. The complaint asserts only direct constitutional claims and does not include any state tort claims. We therefore disregard the portions of the briefs concerning the ITCA. *See Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003) ("[O]ne who proceeds pro se is held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action . . . . We will not become an advocate for a party . . . .") (citations and internal quotation marks omitted).

As to the Eighth Amendment claims, the United States Supreme Court inferred a direct cause of action for violations of the Cruel and Unusual Punishments Clause in *Carlson v. Green*, 446 U.S. 14 (1980), extending the implied damages remedy recognized in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971) (holding a "violation of [the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct"). However, no direct right of action exists against state actors in a manner comparable to that provided against federal actors under *Bivens*. *Universal Outdoor, Inc. v. Elk Grove Vill.*, 969 F. Supp. 1124, 1125 (N.D. Ill. 1997). Where defendants are state actors, Section 1983 is utilized. *Bieneman v. City of Chicago*, 864 F.2d 463, 469 (7th Cir. 1988), *cert. denied*, 490 U.S. 1080 (1989). Thus, as to defendants Herron, Kent, and Jones in their individual capacities, the trial court did not err in dismissing Love's Eighth Amendment claim.

Finally, we note the Indiana Department of Correction is a state agency, and a suit against a state official "in his official capacity" is the same as a suit against the entity of which the official is an agent. *McMillian v. Monroe Cnty.*, 520 U.S. 781, 785 n.2 (1997) (citation omitted). As such, even assuming PEN Products employees were federal actors, they would not, in their official capacities, be proper defendants for a *Bivens* action, and nor would PEN Products, a division of a state agency. "[T]he purpose of *Bivens* is to deter *the officer*." *FDIC v. Meyer*, 510 U.S. 471, 485 (1994) (emphasis in original) (refusing to imply a damages

action directly against a federal agency because permitting claimants to bypass qualified immunity would eviscerate the *Bivens* remedy).

[10] In sum, the trial court did not err in dismissing Love's complaint for failure to state a claim, as none of the claims stated therein would entitle Love to relief.

# II. Abuse of Discretion

[11] In addition, Love contends the trial court abused its discretion by failing to convert defendants' motion to dismiss to a motion for summary judgment, by granting the motion to dismiss without giving him an opportunity to respond, and by denying him the opportunity to amend the complaint. We disagree.

[12] Trial Rule 12(B) provides,

> If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

Here, defendants' motion to dismiss did not present matters outside the pleading, so the trial court properly treated the motion as a motion to dismiss rather than a motion for summary judgment.

[13] As to affording Love an opportunity to respond, Trial Rule 12 does not require a trial court to conduct a hearing or receive a response prior to granting a motion to dismiss for failure to state a claim. *Higgason v. State*, 789 N.E.2d 22, 28-29 (Ind. Ct. App. 2003). The trial court did not have to wait for a response

from Love and therefore did not abuse its discretion when it ruled on the motion to dismiss seven days after the motion was filed.

[14] Finally, Love was not denied the opportunity to amend the complaint. Love contends he was denied this opportunity because the order granting the motion to dismiss "was not presented to [him] in a timely manner." Br. of Appellant at 9. The date of service is unclear from the record, but Love believes he could not have satisfied the time limit imposed by Trial Rule 12(B) due to the date of service. Trial Rule 12(B) provides in relevant part,

> When a motion to dismiss is sustained for failure to state a claim . . . the pleading may be amended once as of right . . . within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court . . . .

It therefore does not matter when Love received the order granting the motion to dismiss; the rule plainly states he had ten days after the date of service, not the date of the order.[6]

---

[6] Moreover, Love filed an amended complaint after filing a notice of appeal. He filed a notice of appeal on February 19, 2015, and then filed—without permission of the trial court—an amended complaint on February 27, 2015. Even if Love had sought permission to amend the complaint at that time, this court acquires jurisdiction under Indiana Appellate Rule 8 "on the date the Notice of Completion of Clerk's Record is noted in the Chronological Case Summary," in this case on March 9, 2015. *See Crider v. Crider*, 15 N.E.3d 1042, 1064 (Ind. Ct. App. 2014) (stating orders issued by a trial court after the Court of Appeals acquires jurisdiction are generally void), *trans. denied*.

# Conclusion

The trial court did not err by dismissing Love's complaint for failure to state a claim and did not abuse its discretion. The trial court's judgment in favor of PEN Products, PEN Director Herron, and PEN Supervisors Kent and Jones is affirmed.

Affirmed.

Vaidik, C.J., and Pyle, J., concur.