IN THE UNITED STATES DISTRICT COURT FOR 
 THE MIDDLE DISTRICT OF ALABAMA 
 EASTERN DIVISION 

DONAHUE LAND, LLC, and ) 
LAKE MARTIN, INC., ) 
 ) 
 Plaintiffs, ) 
 ) 
 v. ) CASE NO. 3:19-cv-00820-ECM 
 ) (WO) 
THE CITY OF AUBURN, ) 
 ) 
 Defendant. ) 

 MEMORANDUM OPINION and ORDER 

 I. INTRODUCTION 
 On January 4, 2019, Donahue Land, LLC and Lake Martin, Inc. (collectively 
“Plaintiffs”) filed a Petition for Writ of Mandamus in the Circuit Court of Lee County, 
Alabama. The Plaintiffs sought to compel the City Council to vote on their petition to de-
annex thirteen acres of land from the municipal limits of the City of Auburn (the “City”). 
The Plaintiffs subsequently amended their complaint to bring an equal protection claim 
against the City. (Doc. 1-10). The City in turn removed the case to this Court under 28 
U.S.C. § 1331 federal question jurisdiction on October 23, 2019. Thereafter, the Plaintiffs 
filed a Second Amended Complaint (doc. 13), which is the operative complaint. 
 The matter now before the Court is the City’s Motion to Dismiss the Plaintiffs’ 
Second Amended Complaint and Verified Petition for Writ of Mandamus. (Doc. 20). The 
Plaintiffs argue that the City violated their legal right to have their petition for de-
annexation heard and voted on by the City Council, and, in doing so, the City further 
violated their rights to equal protection and due process under the Fourteenth Amendment. 

The Plaintiffs bring a petition for writ of mandamus, two counts of violations of the Equal 
Protection Clause, and one count of a procedural due process violation. They request that 
the Court issue a writ of mandamus and enter an injunction requiring the City to cease 
violations of the Equal Protection Clause by creating a clearly articulable standard for 
considering de-annexation petitions and by voting on the Plaintiffs’ petition. 
 For the following reasons, the City’s Motion to Dismiss is due to be GRANTED. 

 II. BACKGROUND 
 The Plaintiffs are two entities who collectively own thirteen acres of land within the 
City limits, Parcels A-1-B and A-1-A of the Donahue Ridge Subdivision of Parcel A. On 
June 8, 2018, the Plaintiffs petitioned the City Council of Auburn to allow the de-
annexation of the two Parcels from the municipal limits. In Auburn, individual owners 

submit their petitions for annexation or de-annexation to the City Council, which must 
formally vote to approve a petition. When the City Council did not take up the Plaintiffs’ 
petition for a vote, the Plaintiffs sent separate emails about the petition to the City 
Manager’s office on June 14, 2018; July 2, 2018; and August 2, 2018. On October 19, 
2018, the Plaintiffs renewed their request to be placed on a meeting agenda. 

 Despite these requests, the City Council did not bring the petition up for a vote. The 
City follows a policy set in 2010 for de-annexation petitions. According to the policy, “the 
City Council is generally not interested in reducing the corporate limits of the City.” (Doc. 
13-3 at 38). The policy provides that when a citizen of the City submits a petition for de-
annexation to the City Council, they first contact the City’s Planning Director. Id. at 2. 
Upon review by the Director for appropriateness, the petition is forwarded to the City 

Manager. The City Manager then sends a memorandum regarding the request to the City 
Council members to determine whether any members wish to discuss or “sponsor” the 
petition. If at least one Council member chooses to sponsor the petition, it will be placed 
on a City Council meeting agenda. Finally, once the Council publicly hears the petition, it 
will then vote on the petition. Because no City Council members chose to sponsor the 
Plaintiffs’ petition, the petition was never brought to a vote. 

 III. JURISDICTION 
 The Court maintains jurisdiction over the claims in this case pursuant to 28 U.S.C. 
§§ 1331, 1441(a), 1441(c)(1)(A), 1441(c)(1)(B), and 1446. 
 Venue and personal jurisdiction are uncontested. 
 IV. LEGAL STANDARD 

 A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the 
legal standard set forth in Rule 8: “a short and plain statement of the claim showing that 
the pleader is entitled to relief.” Fed. R. Civ. P. 8(a)(2). “To survive a motion to dismiss, 
a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to 
relief that is plausible on its face.’” Ashcroft v. Iqbal, 556 U. S. 662, 678 (2009) (quoting 

Bell Atl. Corp. v. Twombly, 550 U. S. 544, 570 (2007)). 
 “Determining whether a complaint states a plausible claim for relief [is] ... a context-
specific task that requires the reviewing court to draw on its judicial experience and 
common sense.” Id. at 663 (alteration in original) (citation omitted). The plausibility 
standard requires “more than a sheer possibility that a defendant has acted unlawfully.” Id. 
at 678. Conclusory allegations that are merely “conceivable” and fail to rise “above the 

speculative level” are insufficient to meet the plausibility standard. Twombly, 550 U. S. at 
555, 570. This pleading standard “does not require ‘detailed factual allegations,’ but it 
demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.” 
Iqbal, 556 U.S. at 678. Indeed, “[a] pleading that offers ‘labels and conclusions’ or ‘a 
formulaic recitation of the elements of a cause of action will not do.’” Id. 

 V. DISCUSSION 
A. Count One: Writ of Mandamus 
 The Plaintiffs seek a writ of mandamus “commanding and directing the City to de-
annex the Plaintiffs’ property from within the City’s boundaries, or alternatively, to at least 
take such action as necessary to vote upon an ordinance that would de-annex the Property 
from within the city boundaries.” (Doc. 13 at 11–12, para. A). Addressing the Plaintiffs’ 

cause of action for mandamus relief, the parties assert that this is a state law cause of action 
and cite to Alabama law. However, writs of mandamus were abolished by Rule 81 of the 
Federal Rules of Civil Procedure. Fed. R. Civ. P. 81(b)–(c) (providing that writs of 
“mandamus are abolished” and noting that this rule applies “to a civil action after it is 
removed from a state court”). Although pursuant to 28 U.S.C. § 1651 federal courts “may 

issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable 
to the usages and principles of law,” the parties do not address the Court’s power to issue 
writs pursuant to this statutory authority, and the Court declines to independently undertake 
such analysis. To the extent Plaintiffs’ petition for writ of mandamus could be construed 
as a request for injunctive relief, an injunction is an equitable remedy, not an independent 
cause of action. In any event, the Plaintiffs seek injunctive relief for their claims brought 

pursuant to the Equal Protection Clause of the Fourteenth Amendment. Because the 
Plaintiffs cannot maintain their independent cause of action for a writ of mandamus, that 
claim is due to be dismissed. 
 Even if the Plaintiffs could assert a viable cause of action for a writ of mandamus, 
they would not be entitled to the relief sought. Despite the Plaintiffs’ claim that they have 
a right to a hearing and a vote on their petition, the Alabama Supreme Court foreclosed 

such argument when it held that individuals do not have a right to have their petitions for 
de-annexation heard under Alabama law. Courtyard Manor Homeowner’s Ass’n v. City of 
Pelham, 2019 WL 5288011, at *3 (Ala. 2019). In that case, Courtyard Manor filed a suit 
against the City of Pelham when the City Council failed to conduct a hearing or respond to 
the plaintiff’s petition for de-annexation. Id. at *1. After a year of waiting for the City 

Council to hear their petition, the plaintiff requested that the state court require the Pelham 
City Council to hold a hearing on the petition. Id. The circuit court granted the defendant’s 
motion to dismiss, and the Alabama Supreme Court affirmed. Id. at *4. The court 
explained: 
 [t]he right to petition or complain about governmental action or inaction is 
 clearly within the Alabama Constitution; nothing can prevent citizens from 
 asking their government to consider a request. But, requiring a response, or 
 in this case mandating that a city hold a hearing, imposes a duty that does not 
 exist under our law. We must respect the legislative function of governments 
 and not intrude on their separate, but coequal, power to decide when, where, 
 and whether to conduct hearings or respond to petitions. Legislative inaction 
 in this case is cured not by court intervention, but at the ballot box. 
Id. at *3. Thus, the Alabama Supreme Court found that citizens do not have a right to have 
their petitions for de-annexation voted on, “[a]bsent any abuse of discretion by the 

governing body.” Id. 
 The Plaintiffs seek to invoke the exception carved out by the Alabama Supreme 
Court, alleging that the City abused its discretion when it “behaved arbitrary and 
capriciously in sponsoring certain de-annexation petitions and not sponsoring the 
Plaintiffs’ de-annexation petition, even though the petitioners were in like circumstances.”1 
(Doc. 13 at 6). However, the Plaintiffs fail to allege facts which could establish an abuse 

of discretion by the City that would warrant the Court granting their petition. In an 
interrogatory attached as an exhibit to the operative complaint, the City Council supplies, 
“[t]he only de-annexation request considered by the current City Council was January 22, 
2019.” (Doc. 13-3 at 1). The exhibit reveals that the City Council had on its January 22, 
2019 meeting agenda a resolution on “[r]eduction of corporate limits” for Richard Franey 

and Clay Carson to remove 0.177 acres. (Id. at 36). In agreeing to de-annex those acres, 
the City would simultaneously annex the same amount of land from Farmville Tracts, LLC, 
preventing any reduction of the City’s boundaries. (Id. at 24). By comparison, the Plaintiffs 
seek to have thirteen acres removed from the City boundaries, inconsistent with the policy 
set out by the City Council in 2010 to avoid reducing the City limits. 

 It can hardly be called an abuse of discretion for the City Council to treat dissimilar 
petitions in different ways. In the absence of evidence to support a finding of abuse of 

1 The Plaintiffs do not cite to any authority for the proposition that the standard for arbitrary and capricious is 
interchangeable with the standard for abuse of discretion. 
discretion under Alabama law—“not merely an error of judgment, but perversity of will, 
passion, or moral delinquency,” Pilcher v. City of Dothan, 93 So. 16, 18–19 (Ala. 1922)—

the Plaintiffs’ petition must be dismissed. The Plaintiffs do not present a plausible cause 
of action for their petition for a writ of mandamus. Ashcroft, 556 U.S. at 678. 
B. Counts Two, Three, and Four: Fourteenth Amendment 
 The Plaintiffs assert violations of their equal protection and procedural due process 
rights under the Fourteenth Amendment. Although the Plaintiffs did not allege that their 
Fourteenth Amendment claims are brought pursuant to 42 U.S.C. § 1983, the Court 

presumes that they are. See Lyles v. Hale County Comm’n, 2005 WL 8158888, *3 (S.D. 
Ala. 2005) (noting that § 1983 “serves as the basic vehicle for federal court review of 
alleged state and local violations of federal law”); see also Henderson v. Corrs. Corp., 918 
F. Supp. 204, 208–9 (E.D. Tenn. 1996) (“A plaintiff must allege a cause of action under 
42 U.S.C. § 1983 in order to bring a claim of a constitutional violation of the . . . Fourteenth 

Amendment[].”) (citing Azul-Pacifico, Inc. v. City of L.A., 973 F.2d 704, 705 (9th Cir. 
1992) (“Plaintiff has no cause of action directly under the United States Constitution. We 
have previously held that a litigant complaining of a violation of a constitutional right must 
utilize 42 U.S.C. § 1983.”)). 
1. Equal Protection 

 Even if the Court could force the City Council to put the Plaintiffs’ petition to a 
vote, the Plaintiffs’ claims still would fail. The Plaintiffs allege two counts of equal 
protection violations in their Second Amended Complaint. (Doc. 13 at 7–9). However, 
because the same behavior serves as the basis for both claims—that the City treated 
similarly situated individuals dissimilarly—the Court will address the counts together as a 
single “class of one” equal protection claim. See Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 

1199 (11th Cir. 2007) (citing Village of Willowbrook v. Olech, 528 U.S. 562, 564–65 
(2000)). A class of one analysis begins when plaintiffs “[allege] that [they have] been 
intentionally treated differently from others similarly situated and that there is no rational 
basis for the difference in treatment.” Olech, 528 U.S. at 564. Thus, the Plaintiffs must 
demonstrate (1) intentional treatment different from the treatment of similarly situated 
comparators, and (2) that there was no rational basis for the disparate treatment. Griffin 

Indus., Inc., 496 F.3d at 1202. 
 While the Plaintiffs do allege that some petitioners did have their de-annexation 
petitions granted, the Plaintiffs fail to establish that those petitioners were similarly situated 
comparators. The Eleventh Circuit counsels that, in establishing a comparator, the 
comparator must be “similarly situated in all material respects.” Lewis v. City of Union 

City, 918 F.2d 1213, 1218 (11th Cir. 2019). However, “[a] ‘class of one’ plaintiff might 
fail to state a claim by omitting key factual details in alleging that it is ‘similarly situated’ 
to another,” or, in the alternative, a plaintiff might provide too much information that shows 
how differently they are situated from their comparators. Griffin Indus., Inc., 496 F.3d at 
1205. Both deficiencies exist here. The Plaintiffs do not just omit key factual details; they 

fail to allege any factual similarity between themselves and their comparators. Meanwhile, 
in stating that other petitioners have had their de-annexation petitions granted, the Plaintiffs 
attach evidence that points out how very differently situated those alleged comparators 
really were. When they petitioned to have their land de-annexed, the purported 
comparators here specifically avoided reducing the boundaries of the City. In contrast, the 
Plaintiffs would reduce the City boundaries by thirteen acres. Accepted as true, these facts 

do not establish comparators similarly situated in all material respects. See Lewis, 918 F.3d 
at 1218. 
 Moreover, when a government uses its discretion in a multi-dimensional decision-
making process, the challenged behavior “must be evaluated in light of the full variety of 
factors that an objectively reasonable governmental decisionmaker would have found 
relevant in making the challenged decision.” Griffin Indus., Inc., 496 F.3d at 1203. The 

Plaintiffs make the argument that because the City does not provide specific criteria for de-
annexation, they cannot know what characteristics they have in common with their alleged 
comparators. (Doc. 25 at 6–7 (“To know further what factors and criteria are relevant in 
this instance is impossible, as none have been articulated by the City.”)). But the Plaintiffs 
miss the point: they still need to allege facts that demonstrate their comparators are 

similarly situated in all material respects to them, not just that they faced similar criteria 
when petitioning the City Council. The burden is on the Plaintiffs, not the City, to make a 
sufficient pleading, including facts the Court accepts as true. Without facts alleged which 
point to valid comparators, the Plaintiffs do not establish a plausible claim for unequal 
treatment. 

2. Procedural Due Process 
 The Plaintiffs claim their due process rights were violated when the City Council 
failed to place their de-annexation petition on the meeting agenda, discuss the petition, and 
bring the petition to a vote. In the Eleventh Circuit, “a § 1983 claim alleging a denial of 
procedural due process requires proof of three elements: (1) a deprivation of a 
constitutionally-protected liberty or property interest; (2) state action; and (3) 

constitutionally-inadequate process.” Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 
2003). If it determines that state actions deprived the Plaintiffs of a constitutionally-
protected interest, the Court applies the balancing test from Matthews v. Eldridge to 
determine what process was due. 424 U.S. 319, 335 (1976); see also Grayden, 345 F.3d at 
1232–33. 
 In this case, the Plaintiffs cannot show that they were deprived of a constitutionally-

protected interest. First, in bringing their complaint, the Plaintiffs demonstrate that a 
deprivation never occurred because there is in fact a process in place: the City Council 
members reviewed their petition for de-annexation when it was submitted, and none chose 
to sponsor it. Accordingly, under the facts presented by the Plaintiffs, they received 
process. 

 And even if the claim were not due to be dismissed on those grounds, the Plaintiffs 
fail to sufficiently allege that a constitutionally-protected interest is at stake. They argue 
that the private interest at stake is their right to “the equal protection of the law.” (Doc. 13 
at 10). They explain, “[t]he private interest affected is whether the Plaintiffs have been 
afforded equal protection by being treated similarly to those in like circumstances.” (Id. at 

10–11). However, as the Court outlined above, the Plaintiffs have failed to allege a 
violation of their rights to equal protection, nor is the Due Process Clause the appropriate 
means to enforce the right to equal protection. 
 Neither do the Plaintiffs have a property interest that is protected by federal 
constitutional law. “The procedural component of the Due Process Clause does not protect 

everything that might be described as a ‘benefit.’” Town of Castle Rock, Colo. v. Gonzales, 
545 U.S. 748, 756 (2005). Instead, “‘[t]o have a property interest in a benefit, a person 
clearly must have more than an abstract need or desire’ and ‘more than a unilateral 
expectation of it. He must, instead, have a legitimate claim of entitlement to it.’” Id. 
(quoting Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972)). These 
entitlements are “not created by the Constitution. Rather, they are created and their 

dimensions are defined by existing rules or understandings that stem from an independent 
source such as state law.” Roth, 408 U.S. at 577. For example, in Town of Castle Rock, the 
Supreme Court looked at Colorado state law to determine whether the plaintiff had a 
property or liberty interest in governmental aid. Town of Castle Rock, 545 U.S. at 756–57. 
The Court found that the plaintiff did not: “a benefit is not a protected entitlement if 

government officials may grant or deny it in their discretion.” Id. 
 The Alabama Supreme Court already determined that there is no independent source 
of law entitling the Plaintiffs to have their petition for de-annexation heard. See Courtyard 
Manor Homeowner’s Ass’n, 2019 WL 5288011, at *3. The Auburn City Council maintains 
its discretion to determine when or whether to hold a formal vote on de-annexation 

petitions. Without a source of law or otherwise entitling the Plaintiffs to have their petition 
heard, the Plaintiffs’ due process claim fails because the Plaintiffs have not alleged a 
constitutional right of which they were deprived. 
 Accordingly, the Plaintiffs have not alleged sufficient facts to show that they were 
treated differently for unconstitutional reasons, or that they were deprived of a 

constitutionally-protected interest. The Plaintiffs’ petition followed the process established 
by the City in 2010: the petition was submitted first to the Planning Director, then to the 
City Manager, and finally to the City Council members for consideration. The Plaintiffs’ 
petition thus did receive sufficient consideration from and process by the City. 
 Moreover, the common-law separation of powers doctrine weighs on the issues at 
hand. See Owen v. City of Independence, 445 U.S. 622, 648 (1980). This doctrine does not 

give municipalities discretion to violate the Federal Constitution, but it does “[prevent] 
courts from substituting their own judgment on matters within the lawful discretion of the 
municipality.” Id. at 649. This Court cannot and will not use its power to force the City 
Council members to exercise their discretionary powers and vote when the City used its 
legislative discretion in a perfectly legal way. 

 VI. CONCLUSION 
 The Plaintiffs do not have a right to have their petition for de-annexation publicly 
heard under Alabama law, and they have failed to demonstrate any abuse of discretion. 
The Court declines to order the City to provide the Plaintiffs with any more consideration 
than they already have received. Furthermore, the Plaintiffs’ equal protection claims fail 

without allegations of a similarly situated comparator, as does the Plaintiffs’ due process 
claim because the Plaintiffs do not have a constitutionally-protected interest at stake. 
 Accordingly, it is 
 ORDERED that the Defendant’s motion to dismiss (doc. 20) is GRANTED. 
A separate final judgment will be entered. 
DONE this 13th day of October, 2020. 

 /s/ Emily C. Marks 
 EMILY C. MARKS 
 CHIEF UNITED STATES DISTRICT JUDGE