# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2022

Lyle W. Cayce
Clerk

No. 21-40750

———

Richard Devillier; Wendy Devillier; Steven Devillier; Rhonda Devillier; Barbara Devillier; et al,

*Plaintiffs—Appellees*,

*versus*

State of Texas,

*Defendant—Appellant*.

———

Appeal from the United States District Court
for the Southern District of Texas
No. 3:20-CV-223

———

Before Higginbotham, Southwick, and Higginson, *Circuit Judges*.

Per Curiam:

The State of Texas appeals the district court's decision that Plaintiffs' federal Taking Clause claims against the State may proceed in federal court. Because we hold that the Fifth Amendment Takings Clause as applied to the states through the Fourteenth Amendment does not provide a right of action

for takings claims against a state,[1] we VACATE the district court's decision for want of jurisdiction and REMAND with instructions to return this case to the state courts. The Supreme Court of Texas recognizes takings claims under the federal and state constitutions,[2] with differing remedies and constraints turning on the character and nature of the taking;[3] nothing in this description of Texas law is intended to replace its role as the sole determinant of Texas state law.[4] As such, this Court lacks jurisdiction to review these claims.[5]

---

[1] *See Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) ("[A] federal court's authority to recognize a damages remedy must rest at bottom on a statute enacted by Congress."); *Azul–Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (holding that a takings plaintiff has "no cause of action directly under the United States Constitution"), *cert. denied*, 506 U.S. 1081 (1993).

[2] *See City of Baytown v. Schrock*, 645 S.W.3d 174, 178 (Tex. 2022) ("Under our [federal and state] constitutions, waiver occurs when the government refuses to acknowledge its intentional taking of private property for public use. A suit based on this waiver is known as an 'inverse condemnation' claim."); *see also Gutersloh v. Texas*, No. 93-8729, 25 F.3d 1044, 994 WL 261047, *1 (5th Cir. 1994) (unpublished per curiam) ("[The State] . . . admits, the courts of the State of Texas are open to inverse condemnation damage claims against state agencies on the basis of the Fifth Amendment, as applied to the states through the Fourteenth Amendment, as well as on the basis of the Texas Constitution and laws.").

[3] *See Allodial Ltd. P'ship v. N. Tex. Tollway Auth.*, 176 S.W.3d 680, 683–84 (Tex. App.—Dallas 2005, pet. denied) (noting that Texas courts apply a two-year limitations period to takings claims for "damaged" property and a ten-year limitations period to takings claims for "taken" property).

[4] *See, e.g.*, *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 623 (Tex. 2021), *reh'g denied* (Sept. 3, 2021) ("[T]he owner of private property may bring a common-law action for inverse condemnation.").

[5] *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 588 (5th Cir. 2022) (noting that federal-question jurisdiction will lie over state-law claims only if "resolving a federal issue is necessary to resolution of the state-law claim" (quoting *Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 529 (5th Cir. 2020))).