NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTIAN SILVER, an individual,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>COUNTY OF LOS ANGELES; KEITH KNOX, Los Angeles County Treasurer and Tax Collector; OSCAR VALDEZ, Los Angeles County Auditor-Controller; FESIA DAVENPORT, Los Angeles County Chief Executive Officer; HILDA SOLIS, 1st District Board of Supervisors County of Los Angeles; HOLLY MITCHELL, 2nd District of Board of Supervisors County of Los Angeles; JEFFREY PRANG, Los Angeles County Tax Assessor; LINDSEY P. HORVATH, Chair 3rd District Board of Supervisors County of Los Angeles; JANICE HAHN, 4th District Board of Supervisors County of Los Angeles; KATHRYN BARGER, 5th District Board of Supervisors County Los Angeles; LOS ANGELES COUNTY BOARD OF SUPERVISORS; SELECT PORTFOLIO SERVICING, INC.; CHASE HOME FINANCE, LLC,<br><br>　　　　Defendants - Appellees. | No. 24-6852<br><br>D.C. No.<br>2:24-cv-00964-MRA-SSC<br><br>MEMORANDUM[*] |

---

　　\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Monica Ramirez Almadani, District Judge, Presiding

Submitted April 22, 2026[**]

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

Christian Silver appeals pro se from the district court's judgment dismissing his action under 42 U.S.C. § 1983 and state law challenging Los Angeles County property tax collection. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jerron W., Inc. v. State of Cal., State Bd. of Equalization*, 129 F.3d 1334, 1337 (9th Cir. 1997), as amended (Jan. 29, 1998) (dismissal for lack of subject matter jurisdiction); *Milkovich v. United States*, 28 F.4th 1, 6 (9th Cir. 2022) (dismissal for failure to state a claim). We affirm.

The district court properly dismissed Silver's constitutional claims because "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems" where, as here, state "remedies are plain, adequate, and complete." *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981); *see also Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (order) (holding that there is no cause of action directly under the United States Constitution for a takings claim).

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Silver's civil RICO and state law claims because Silver failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)); *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985) (setting forth requirements of a civil RICO claim); *Lee v. Hanley*, 354 P.3d 334, 344 (Cal. 2015) (setting forth requirements of a conversion claim under California law); *Flatley v. Mauro*, 139 P.3d 2, 19 (Cal. 2006) (setting forth requirements of an extortion claim under California law).

The district court did not abuse its discretion in denying Silver leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper where amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**